UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BALZARINI,

    Plaintiff,

    v.

ARNOLD SCHWARZENEGGER; et al.,

    Defendants.
                                 /

No. C 07-2800 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Michael Balzarini, a prisoner at the Salinas Valley State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint contains a laundry list of conditions he does not like at the prison. The complaint alleges, among other things, that the prison is overcrowded, the food service is inadequate, the air quality is poor, the clothing is worn out, the noise levels are high, there is inadequate room for exercise, there aren't regular religious services, the medical care is spotty, the law library is inadequate, the inmate appeals are not processed properly, and there shouldn't be lockdowns. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

1  or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C.
2  §1915A(b)(1),(2).

3  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that
4  a right secured by the Constitution or laws of the United States was violated and (2) that the
5  violation was committed by a person acting under the color of state law.  See West v. Atkins,
6  487 U.S. 42, 48 (1988).

7  Although a plaintiff is not required to plead "specific factual details not ascertainable
8  in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he
9  does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere
10  conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976).  A
11  complaint must contain sufficient allegations to put defendants fairly on notice of the claims
12  against them.  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  A complaint that fails
13  to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the
14  notice requirements of Federal Rule of Civil Procedure 8(a).  Hutchinson v. United States,
15  677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  The failure to comply with Rule 8(e), requiring
16  each averment of a pleading to be "simple, concise, and direct," is also a basis for dismissal.
17  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint
18  that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

19  Balzarini's complaint is too short on details for the court to determine whether any of
20  his constitutional rights may have been violated.  He makes sweeping generalizations such as
21  a claim that the "food is served in small amounts, there's no way the (3) three meals are
22  nutritional balance," the overcrowding causes "noise levels to go higher," some unidentified
23  members of the correctional staff "are taking it upon their selfs to interpret or make their own
24  regulations . . . thereby abusing their discretion when it comes to decisions," and "it's about a
25  50-50% chance of getting what was ordered" by doctors. Complaint, pp. 3, 4, 6 (errors in
26  source).  The complaint also doesn't identify the dates on which any events occurred, who the
27  alleged wrongdoers were, or whether he was actually harmed by any of the events.
28  Balzarini must file an amended complaint.  His amended complaint must cure the

2

deficiencies addressed below.

First, he must state each claim separately in his amended complaint. For each claim, he must allege the facts showing his entitlement to relief from the defendants. With some effort, Balzarini can state his claims for relief such that they will be short and plain statements of each claim, rather than the rambling laundry list of generalized grievances that is in the original complaint. For example, if he claims he received inadequate food, he should allege the date(s) on which he received inadequate food, who caused him to be served inadequate food, and describe how the food was inadequate. By way of further example, if he claims the exercise facilities are inadequate, he could allege the particular details that show that the exercise facilities are inadequate, allege the date(s) on which he was subjected to those inadequate conditions, and allege who caused him to be subjected to the inadequate exercise facilities.

Second, the amended complaint must identify (in each claim) each and every defendant who Balzarini proposes to hold liable on that claim. For example, if Balzarini wants to claim that he was denied adequate food, he should identify each person who provided the inadequate food or failed to provide the adequate food. Balzarini must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Balzarini is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Third, Balzarini may only assert claims for violations of his own rights. He has no

standing to complain about problems that only harmed other inmates. Thus, for example, he has no standing to assert a claim about food problems or medical care that affected only other inmates. In his amended complaint, Balzarini may only allege claims for violations of his own rights.

Fourth, the complaint may not satisfy Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. (The court cannot say with certainty whether there is a joinder problem because Balzarini failed to connect any defendant to any claim.). Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff's claims range from inadequate medical care to food service problems to exercise problems and may be against different defendants. In his amended complaint, Balzarini may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints.

Fifth, the allegations regarding the adequacy of the processing of inmate appeals are dismissed without leave to amend. Interests protected by the Due Process Clause may arise from two sources--the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The State of California has not created a protected interest in an administrative appeal system in prison or the county jails. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have an administrative appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no

reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Balzarini had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. The claims concerning the handling of his inmate appeals are dismissed without leave to amend.

Sixth, the complaint does not state a claim for relief against any defendant for denial of access to the courts because the complaint does not allege an actual injury resulting from the alleged inadequacy of the law library. A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. In his amended complaint, Balzarini may attempt to plead a denial of access to the courts claim, but is cautioned that he must identify the deficiency in the legal program and allege an actual injury to state a claim for relief.

Seventh, the claims that he must mend his own clothes and that there are no hobbies available in his prison are dismissed without leave to amend. Being required to mend one's

clothes and being denied hobby programs are too trivial to implicate any constitutional protection, such as the Eighth Amendment's prohibition of cruel and unusual punishment. See generally Farmer v. Brennan, 511 U.S. 825, 832 (1994); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981).

Finally, administrative remedies must have been exhausted for each claim asserted in a federal civil rights complaint before the action is filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **October 19, 2007**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 20, 2007

_____
Marilyn Hall Patel
United States District Judge