ST.MICHAEL Doc BALZARINI
B-78150/B2-231
SALINAS VALLEY ST.PRISON
P.O.BOX 1050
SOLEDAD, CALIF.93960-1050

IN PROPRIA PERSONA.

FILED
MAY 15 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHEAN DISTRICT OF CALIFORNIA

ST.MICHAEL Doc BALZARINI,

      PLAINTIFF,

   V.

M.S.EVANS, et al.,

      DEFENDANTS /

CASE NO: C 07-2800 MHP (pr)

SUPPLEMENTAL
PLEADINGS (F.R.C.p 15(d).

THIS SUPPLEMENTAL PLEADING UNDER: F.R.C.p. 15(d)
MAY PRO-PERLY ALLEGE EVENTS OCCURRING AFTER
THE ORIGINAL COMPLAINT WAS FILED.

1.   PLAINTIFF-BALZARINI, HAS A RIGHT SECURED by THE
U.S. CONSTITUTION OR THE LAWS WERE VIOLATED
by DEFENDANT'S LISTED HEREIN.
    THESE RIGHTS WERE VIOLATED by ALL THE
PERSON'S LISTED HEREIN, AND WHO WERE ACTING
UNDER COLOR OF STATE CREATED LIBERTY INTRESTS
OR LAWS OF THE STATE.

THE ALLEGATIONS IN THE COMPLAINT ARE SUPPORTED by MY EXHAUSTION OF ALL ADMINISTRAIVE CLAIMS AVAILABLE TO PETITIONER ON ALL DEFENDANTS NAMED, AND ARE LINK TO THE CLAIMS, AND WHO REFUSED TO GRANT MY REQUEST ON CORRECTION OF MY VIOLATED MY RIGHTS, CAUSING RETALIATION AND DELIBERATE INDIFRENCE.

EACH DEFENDANT NAMED IN THE APPEALS, INDIVIDUALLY DENIED MY RIGHTS AND EACH INDIVIDUAL DEFENDANT WAS THE PROXIMATE CAUSE FOR CONTINUED DEPRIVATIONS OF MY RIGHTS.

2.    THIS SUPPLEMENTAL PLEADING DOES NOT REPLACE THE ORIGINAL.

IT SIMPLY ADDS NEW ALLEGATIONS TO BE CONSIDERED IN CONJUNCTION WITH THE ORIGINAL.

3.    THIS PLEADING PROPERLY ALLEGES THE PAST AND PRESENT EVENTS OCCURRING AFTER THE AMENDED COMPLAINT WAS FILED.

4.    F.R.C.P. §15(d); PLAINLY PERMITS SUPPLEMENTAL AMENDMENTS TO COVER EVENTS HAPPENING AFTER SUIT, AND IT FOLLOWS, OF COURSE, THAT PERSONS PARTICIPATING IN THESE NEW EVENTS MAY BE ADDED IF NECESSARY.

GRIFFIN V. COUNTY SCHOOL BOARD (1964) 377 U.S. 218, AT P. 226-227.

5.    UNLIKE OTHER PLEADING RULES, THERE IS NO
TRANSACTIONAL TEST IN RULE § 15(d); WHILE SOME
RELATIONSHIP MUST EXIST BETWEEN THE NEWLY
ALLEGED MATTERS AND THE SUBJECT OF THE
ORIGINAL ACTION, THEY NEED NOT ALL ARISE OUT
OF THE SAME TRANSACTION.
KEITH V. VOLPE (1988) 858 F.2d 467, AT p. 474

6.    IN A CIVIL RIGHTS CASE, MY COMPLAINT NEED
ONLY INCLUDE A SHORT AND PLAIN STATEMENT OF
THE CLAIM SHOWING THAT THE PLEADER IS
ENTITLED TO RELIEF.
EDUCADORES PUERTORRIQUENOS EN ACCEON
V. HERNANDEZ (2004) 367 F.3d 61, AT p. 66

7.    A COURT MUST ACCEPT THE PLAINTIFF-BALZARINI
SUFFICIENTLY PLEAD FACTS AS TRUE AND GRANT
ALL RESONABLE INFERENCES IN THIS PLAINTIFF'S
FAVOR.
COOPERMAN V. INDIVIDUAL (1999) 171 F.3d 43, AT p.46.

8.    THIS PRO SE COMPLAINT HOWEVER INARTFULLY
PLEADED, MUST BE HELD LESS STRINGENT
STANDARDS THAN FORMAL PLEADINGS DRAFTED
BY LAWYERS.
HAINES V. KERNER (1972) 404 U.S. 519, AT 520-521.

**STATE OF CALIFORNIA**                    **COUNTY OF MONTEREY**

I, _____ *BALZARINI* _____ declare under penalty of perjury that: I am

the _____ *PLAINTIFF* _____ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _4_ day of _*MAY*_, 20 _08_, at Salinas Valley State Prison, Soledad, CA 93960-1050.

(Signature) _____ *Balzarini* _____

DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# PROOF OF SERVICE BY MAIL

I, _____ *BALZARINI* _____, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, CA 93960-1050.

On _4 MAY_, 20 _08_, I served the foregoing: _____

_SUPPLEMENTAL PLEADINGS (F.R.C.P § 15(d)_

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, CA 93960-1050.

_District Judge: Claudia Wilken_
_U.S. District Court - Northern District_
_450 GOLDEN GATE AVE_
_SAN FRANCISCO, CALIF. 94102-3483_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _4 MAY_, 20 _08_    _____ *Balzarini* _____

DECLARANT/PRISONER

# TABLE OF EXHIBITS:

ADMINISTRATIVE REMEDIES EXHAUSTED
ON ALL CLAIMS:

1. - LIBRARY ACCESS & MATERIALS.

1A - DENIED, BEING DENIED ACCESS, CAUSING
     TO FILE UNTIMELY APPEAL, & BEING DENIED

2. - DENIED MEDICAL-TREATMENT, OR DELAYED.

2B - UNTIMELY REPLY TO APPEAL & 2-YEARS, AN
     NOT RECEIVED WHAT DOCTOR ORDERED,

2C - NOT GETTING WHAT DOCTOR PRESCRIBED
     AN NO FOLLOWUP CARE.

3 - WHAREHOUSING INMATES - SHORTAGE OF STAFF,
    NO PROGRAMS,

3A - GRANTED, TO BE RUN AS ANY LEVEL-III,
     INCLUDING PROGRAMS.

EXHbiTS - 1

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: APR 2 4 2007

In re:    Balzarini, B-78150
          Salinas Valley State Prison
          P.O. Box 1020
          Soledad, CA 93960-1020

IAB Case No.: 0609675        Local Log No.: SVSP 06-03145

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on October 15 and 16, 2006, he was denied access to the law library and church. He requests that staff stop denying and obstructing access to his First Amendment Rights to religion and to the courts; and to be allowed to attend these services weekly.

**II    SECOND LEVEL'S DECISION:** The reviewer found that in the Second Level of Review the appellant was provided a detailed explanation as to the reasons access to the law library and church services were cancelled on the days in question. Medical staff had to administer over 600 flu vaccinations on both days. The Warden acted within his authority pursuant to the California Code of Regulations, Title 15, Section (CCR) 3210(c). No further response is required at this time.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The appellant has failed to establish that the institution acted negligently or outside of the law or departmental policies. The appellant has not demonstrated adverse affect in this matter. No relief at the Director's Level of Review is required.

**B. BASIS FOR THE DECISION:**
CCR: 3001, 3040, 3270, 3350, 3380

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

*R. Manuel*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

State of California                                          Department of Corrections and Rehabilitation

# Memorandum

Date:     December 21, 2006

To:       Inmate Balzarini, B78150
          Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NO. SVSP-B-06-03145

**ISSUE**:

Appellant requests on appeal that he receives physical access to the Law Library
and alleges that he was denied access on October 15, 2006.  Appellant further
alleges he has a court deadline and requires law library access.  Appellant also
states he was denied access to church services on October 16, 2006.

**REGULATIONS:**  The rules governing this issue are:

SVSP Supplement 53060.16 Inmates with Court Deadlines (Rev. 2/98)
CCR 3210 (c) Established of Religious Programs
SVSP Operational Plan #24

**SUMMARY OF INVESTIGATION:**

The First Level of Review (FLR) was completed on 10/25/06 by Correctional
Sergeant J. Core.  L.A. Negron, Correctional Lieutenant was assigned to investigate
this appeal at the Second Level of Review. All submitted documentation and
supporting arguments have been considered.  Additionally, a thorough examination
has been conducted regarding the claim presented, and evaluated in accordance
with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California
Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

During the interview with the appellant on December 14, 2006 at approximately 1130
hours, the appellant was asked if he had a court deadline the appellant claimed that
he did. When asked if he had turned in a Library Access Request he again indicated
that he had turned one in. After the interview I reviewed the library access records
and logs and discovered that not only did Inmate Balzarini not have a court deadline
but his case is considered "Mute" although this does not limit his access it does
prioritize his access. The appellant did not turn in a request for access for the date in
question; he made a verbal request some time prior to his intended access date of
10/15/06.

Appellant received access to the Law Library on October 5, 7, 20, 21 and 25, 2006.
He did not have physical access to the library on October 15, 2006 because CTC
Medical Staff were scheduled to administer Flu vaccinations that day. This Modified
program scheduling was authorized by the Warden of SVSP. All program
modification, cancellations, suspensions of facility activities will be determined by
conflicting or superseding activities, facility security and other institutional operations
or activities. The appellant was rescheduled for Law Library access on 19th of

State of California                                                        California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:**    October 25, 2006

**NAME:**    BALZARINI          **CDC #** B78150

**APPEAL #:**    FIRST LEVEL APPEAL LOG #SVSP-B-06-03145

**APPEAL DECISION:**  DENIED

**SUMMARY OF APPEAL:**  Appellant states that he was denied access to a religious program and law library due to Flu shots being administered.

The appellant is requesting on appeal that he be allowed to "fully enjoy" his right to attend law library and religious programs.

**SUMMARY OF INVESTIGATION:**  The appellant was interviewed on October 25, 2006, by Correctional Sergeant J. Core.  During this interview, the appellant stated he understood that some programs will be run and some won't during modified program, but religious programs and law library should be run.

**APPEAL RESPONSE:**   Appellant's request to "fully enjoy" his right to attend law library and religious programs is DENIED.  The Flu shots were administered to over 600 inmates on Facility B.   This is time consuming and needs to be completed in a timely manner.   In order to facilitate this, some programs were modified to meet the needs of the Institution.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


_____                              _____
J. Core                                                E. B. Jones
Correctional Sergeant                                  Correctional Captain
Facility B Program Sergeant                            Facility B Captain

**Inmate Balzarini, B-78150**
**Case No. SVSP-B-06-03145**
**Page 2**

no request slip. A process of receipts is in place to track the paperwork through the process. If an inmate chooses to not use the service, they must wait until they get into the library which in this case was a period of six days.

Religious Services were canceled on that day to facilitate the administering of over six hundred Flu vaccinations by medical staff on Facility B. Per CCR 3210 (c) in part: Insofar as possible, other facility activities shall be planned so as not to conflict with or disrupt scheduled religious services. This is stated so that and understanding is derived that there will be occasions that a conflict and or disruption of the normal operations of an institutional schedule will take place. Given that this is not the norm your access to religious activities and or services was not denied.

An interview with Chaplain D. Moon revealed that the gathering of the inmate population for religious services that choose to attend is at least twice a week and at times more often, he stated that there are numerous opportunities for access to inmate services on Facility B.

**DECISION**: The appeal is Denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

A. HEDGPETH
Chief Deputy Warden
Salinas Valley State Prison

2nd

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region (SVSP) B   Log No. B. 06-03146   Category (11)

CAI

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. Policy/Procedure – Flu Shots – impeded program

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| BALZARINI Michael | B-78150 | | B2-231 |

A. Describe Problem: on 15 thoct, denied access to Law library, and 16th oct denied access to church Services. yet, Canteen an chow + medication was run, an on most Sundays. How do you Justify not running these First amend rights. This is Continuing problem of short of staff or some lame Excuse to leave inmates lockup an no program or church, continuing problem that's not resolved

If you need more space, attach one additional sheet.

RECD OCT 18 2006

B. Action Requested: not to continue stoping my access to fully enjoy my First amend rights of religion of access to courts through library and be able attend every week

Inmate/Parolee Signature: Balzarini J    Date Submitted: 16 oct06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

INMATE APPEALS BRANCH   FEB -8 2007   RECEIVED

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a compl___    CDC Appeal Number: _____

Board of Control form BC-1E, Inmate Claim

c# | NAME (PRINT) | HOUSE | IN | OUT | PLU

## SALINAS VALLEY STATE PRISON

S.V.S.P. #002

## NON-PRIORITY INMATE PASS REQUEST FORM

F/B                                    Sat 10/14/06

DEPTARTMENT ORIGINATING CDC 129          DATE OF PASS

| # | CDC # | NAME | BED/CELL | TIME | LOCATION | REASON |
|---|-------|------|----------|------|----------|--------|
| 1 | P61703 | Arrellano | B3-149 | 1245 | LawLib | Research |
| 2 | T86698 | Marroquin | B5-115 | | | |
| 3 | P76473 | Hinnenkamp | B3-149 | | | |
| 4 | F10496 | Raynoha | B4-238 | | | |
| 5 | V71106 | Gaglia | B1-115 | | | |
| 6 | P88353 | Vogel | B5-105 | | | |
| 7 | F19908 | Barco | B1-139 | | | |
| 8 | B90272 | Robledo | B5-208 | | | |
| 9 | B78150 | Balzarini | B2-231 | | | |
| 10 | K75109 | Jeffries | B1-119 | | | |
| 11 | C49070 | Champion | B2-102 | | | |
| 12 | | | | | | |
| 13 | | Flu Shots - No Program | | | | |
| 14 | | Rescheduled for Thurs. 10/19/06 @ 0830 | | | | |
| 15 | | | | | | |

NOTE: REQUEST MUST BE RECEIVED BY 1400 HOURS OF LAST NORMAL WORKING DAY
PRECEDING THE DATE OF PASS FOR INCLUSION INTO THE MASTER PASS LIST.

Submitted by: C.S.Powell  LTA        Date: 10/12/06
Signature/Title
C. S. Powell                          Extension: 6356
Print Name

WHITE COPY:    INMATE ASSIGNMENT OFFICE
YELLOW COPY:   PROGRAM SGT
PINK COPY:     ORIGINATOR'S FILE

RE-SCH. 10/19

B Lib. Oct. 2006  Access Log + Paging

| | | | | | | |
|---|---|---|---|---|---|---|
| 10/05/2006 | BROWN, R | V95604 | PAGING/CASE LAW | 00:00 | 00:00 | 00:00 |
| 10/06/2006 | ADAMIETZ | H66635 | PAGING/ADDRESSES | 00:00 | 00:00 | 00:00 |
| 10/21/2006 | ADAMIETZ | H66635 | PAGING/ADDRESSES | 00:00 | 00:00 | 00:00 |
| 10/05/2006 | ALLEN | C70954 | ACCESS - STAND BY | 14:32 | 14:32 | 00:00 |
| 10/07/2006 | ARELLANO, M | P61703 | AT VISIT | 00:00 | 00:00 | #REF! |
| 10/18/2006 | ARELLANO, M | P61703 | AT WORK - PAINTER | 00:00 | 00:00 | 00:00 |
| 10/14/2006 | ARRELLANO | P61703 | NO PROGRAM-flu shots-resch. 10/18/06 | 00:00 | 00:00 | 00:00 |
| 10/05/2006 | BALZARINI | B78150 | ACCESS - STAND BY | 14:00 | 14:02 | 00:02 |
| 10/14/2006 | BALZARINI | B78150 | NO PROGRAM-flu shots-resch. 10/18/06 | 00:00 | 00:00 | 00:00 |
| 10/20/2006 | BALZARINI | B78150 | ACCESS - STAND BY · | 13:20 | 14:00 | 00:40 |
| 10/21/2006 | BALZARINI | B78150 | PAGING/3 CASE LAWS (SHEPARDIZE) | 00:00 | 00:00 | 00:00 |
| 10/21/2006 | BALZARINI | B78150 | ACCESS | 08:45 | 11:21 | 02:36 |
| 10/21/2006 | BALZARINI | B78150 | ACCESS - STAND BY NO SCIP | 13:20 | 15:05 | 01:45 |
| 10/25/2006 | BALZARINI | B78150 | ACCESS     NO SCIP | 13:05 | 14:36 | 01:45 |
| 10/07/2006 | BALZARINI, M | B78150 | ACCESS | 13:00 | 15:15 | #REF! |
| 10/14/2006 | BARCO | F19908 | NO PROGRAM-flu shots-resch. 10/18/06 | 00:00 | 00:00 | 00:00 |
| 10/18/2006 | BARCO, J | F19908 | NO SHOW | 00:00 | 00:00 | 00:00 |
| 10/07/2006 | BEERBOWER, D | P76885 | PAGING/1381 FORM | 00:00 | 00:00 | #REF! |
| 10/05/2006 | BELYEW | H27669 | ACCESS - STAND BY | 14:40 | 15:00 | 00:20 |
| 10/18/2006 | BROWN, R | V95604 | PAGING/3 CASE LAWS · | 00:00 | 00:00 | 00:00 |
| 10/21/2006 | BUCKLEY · | P46176 | AT WORK | 00:00 | 00:00 | 00:00 |
| 10/25/2006 | BUCKLEY, D | P46176 | PAGING/CASE LAW | 00:00 | 00:00 | 02:15 |
| 10/21/2006 | BUNN | V47024 | ACCESS | 13:05 | 15:10 | 02:05 |
| 10/05/2006 | BUNN, B | V47024 | ACCESS | 12:50 | 15:10 | 02:20 |
| 10/12/2006 | BUNN, B | V47024 | ACCESS | 13:15 | 15:13 | #REF! |
| 10/19/2006 | BUNN, B | V47024 | ACCESS | 09:13 | 11:10 | 01:57 |
| 10/20/2006 | BUNN, B | V47024 | ACCESS - STAND BY | 09:53 | 11:15 | 01:22 |
| 10/25/2006 | BUNN, B | V47024 | ACCESS | 13:33 | 15:10 | 00:00 |
| 10/18/2006 | BUTLER · | P01568 | PAGING/2 CASE LAWS | 00:00 | 00:00 | 00:00 |
| 10/18/2006 | BUTLER | P01568 | ACCESS - STAND BY | 13:00 | 15:15 | 02:15 |
| 10/19/2006 | BUTLER, S | P01568 | ACCESS | 09:13 | 11:00 | 01:47 |
| 10/20/2006 | BUTLER, S | P01568 | PAGING/9 CASE LAWS | 00:00 | 00:00 | 00:00 |
| 10/25/2006 | CAEL | V26583 | ACCESS | 10:00 | 11:30 | 01:50 |
| 10/05/2006 | CAEL, C | V26583 | ACCESS | 13:00 | 15:15 | 02:15 |
| 10/06/2006 | CAEL, C | V26583 | PAGING/6 CASE LAWS | 00:00 | 00:00 | 00:00 |
| 10/12/2006 | CAEL, C | V26583 | ACCESS/PEN FILLER | 13:15 | 14:00 | #REF! |
| 10/19/2006 | CAEL, C | V26583 | ACCESS | 09:15 | 11:10 | 01:55 |
| 10/20/2006 | CAEL, C | V26583 | ACCESS - STAND BY | 09:25 | 10:00 | 00:35 |
| 10/06/2006 | CANTRELL | V56290 | PAGING/3 CASE LAWS | 00:00 | 00:00 | 00:00 |
| 10/13/2006 | CANTRELL | V56290 | PAGING/4 CASE LAWS | 00:00 | 00:00 | #REF! |
| 10/19/2006 | CANTRELL | V56290 | PAGING/4 CASE LAWS · | 00:00 | 00:00 | 00:00 |
| 10/25/2006 | CANTRELL | V56290 | PAGING/3 CASE LAWS | 00:00 | 00:00 | 00:00 |
| 10/05/2006 | CARRILLO, R | V43098 | PAGING/NEED CITY FOR NEVADA | 00:00 | 00:00 | 00:00 |
| 10/07/2006 | CARRILLO, R | V43098 | PAGING/CASE LAW | 00:00 | 00:00 | 01:55 |
| 10/07/2006 | CARRILLO, R | V43098 | ACCESS -STAND BY | 13:42 | 15:12 | 00:15 |
| 10/12/2006 | CARRILLO, R | V43098 | ACCESS - STAND BY | 13:50 | 15:15 | #REF! |
| 10/13/2006 | CARRILLO, R | V43098 | PAGING/ADDRESS | 00:00 | 00:00 | #REF! |
| 10/18/2006 | CARRILLO, R · | V43098 | ACCESS - STAND BY | 13:50 | 14:50 | 01:00 |
| 10/20/2006 | CARRILLO, R | V43098 | ACCESS - STAND BY | 13:20 | 15:15 | 01:55 |
| 10/05/2006 | CASILLAS | F15790 | NO SHOW - GETTING PACKAGES | 00:00 | 00:00 | 00:00 |
| 10/21/2006 | CELEDON | D22018 | ACCESS - STAND BY | 13:28 | 15:14 | 01:46 |
| 10/07/2006 | CELEDON, A | D22018 | ACCESS -STAND BY | 14:35 | 15:15 | 00:00 |

64   (16)                    Wednesday Oct 18 2006

| CDC # | Name | Housing | In | Out | PLU |
|-------|------|---------|-----|-----|-----|
| F10496 | Rodriguez | B - 4 | 1:00 | 1:45 | |
| P76473 | Hinnenkamp | B-3 149 | 12:56 | 1515 | |
| P88353 | Vogel | B5/105 | 1300 | 1515 | |
| V71106 | GAGLIA | B1/115 | 1300 | 1315 | |
| K75709 | Jeffries | B-1-119 | 1:00 | 1515 | |
| V-93551 | TORRALVA (SB) | B5-121 | 1:00 | 1:45 | |
| P01568 | Butler (SB) | B5-141 | 1:00 | 1515 | |
| K-15977 | Wilson (SB) | B-4-126 | 13:00 | 13:45 | |
| T78004 | Priolo (SB) | B-gym #113 | 1:21 | 1400 | |
| J10618 | KnAPP (SB) | B1-208 | 1300 | 1440 | |
| T80808 | Johnson (SB) | B5-208 | 1321 | 1430 | |
| TJC420 | Hernandez (SB) | B3-212 | 13:25 | 13:50 | |
| V43098 | Carrillo, R.J. (SB) | B1-115L | 1:50 | 2:50 | |
| V21820 | Jones (SB) | B1-120 | 2:30 | 1515 | |
| H-58254 | Philip Patino (SB) | B-2-117 | 2:35 | 2:40 | |
| V34514 | Villegas (SB) | B5-100 | 2:50 | 3:02 | |
| | | | | | |
| | | | | | |
| | | | | | |

(14)

### F/B Paging 10/18/06

| Date | Name | CDC # | Request |
|------|------|-------|---------|
| 10/18/2006 | BROWN, R | V95604 | PAGING/3 CASE LAWS |
| 10/18/2006 | BUTLER | P01568 | PAGING/2 CASE LAWS |
| 10/18/2006 | CONSIGLIO, S | H35969 | PAGING/SUPPLIES/MANY FORMS |
| 10/18/2006 | CUADRAS . | P84682 | PAGING/2 CASE LAWS |
| 10/18/2006 | DELMARK | T79904 | PAGING/4 CASE LAWS |
| 10/18/2006 | FREEMAN | V78323 | PAGING/CASE LAW/FORMS |
| 10/18/2006 | HINNENKAMP, E | P76473 | PAGING/AB 1505/SB1642/ANN. CONST. |
| 10/18/2006 | K'NAPP, E | J10618 | PAGING/CASE LAW |
| 10/18/2006 | MA | V98179 | PAGING/EXHIBIT FORMS |
| 10/18/2006 | MENDOZA | H16728 | PAGING/2 PEN FILLERS/3 COPY FORM |
| 10/18/2006 | RAMIREZ, G | T51434 | PAGING/CASE LAW |
| 10/18/2006 | SIMONTON | T45023 | PAGING/4 CASE LAWS |
| 10/18/2006 | WILSON, R | V78526 | PAGING/SUPPLIES |
| | | T60385 | PAGING/COPIES - 3 PAGES |

**66** (26) FRIDAY, OCT. 20, 2006   Access in AM

| CDC# | NAME (PRINT) | HOUSE | IN | OUT | PLU |
|------|--------------|-------|-----|-----|-----|
| J10618 | Kinapp ERIC | SB | B4-202 | 09/10 | 11:5 |
| V.25433 | FLORES STEVEN | SB | B-1-206 | 9:15 | 10:40 |
| V26582 | CHEL   went to medical | SB | B5-107 | ~125 | 1000 |
| V-39232 | Sawyer | SB | B11107 | 0935 | 9:30 |
| H-78840 | Keys | SB | B-3-118 | 0927 | 90:40 |
| Y64763 | Rice | SB | B-3-140 | 0934 | 1035 |
| P7647 | Himmenkamp | SB | B-3-5/49 | 9:30 | 11:5 |
| V46860 | RANDY PIGG | SB | B-3#145 | 9:44 | 10:10 |
| V47024 | Bill Burn | SB | B-5-116 | 9:53 | 11:15 |
| V-93551 | ALFRED TORRANNA | SB | B5-121 | 10:07 | 10:08 |
| T-78883 | Johnny Guliejo | SB | 6-3-137 | 10:20 | 1030 |
| V-77841 | Scott Johnson | SB | B-1-126 | 12:52 | 2:03 |
| T-72601 | Deluca, John G. | SB | 2-143 | 12:50 | 1515 | 1 |
| V-90561 | LACKEY MICHAEL | SB | B4-250 | 12:52PM | 1:15 PM |
| ~6~ | e.o. | SB | B4-117 | 1:05 | 1515 |
| V-23556 | Ness, J | SB | B2-131 | 1:14 | 1:14 |
| T-01891 | GUZMAN, S | SB | B2-214 | 1:11 | 200 |
| 59Loud | Glover | (SB) | B-2-139 | 1:13 | 2:20 |
| D-78150 | BALZARINI (DOC) | (SB) | B2-231 | 1:20 | 307 |
| 180885 |  F | (SB) |  |  | 247 |
| Y-1157 | LAU | (SB) | B1-152 | 1:20 | 2,05 |
| V43048 | Carrillo R J | (SB) | B1 1156 | 1:20 | 1515 |
| 1140488 | DECATORRE |  | B3-127 | 1:20 | 145 |
| 02002 | Gibbs | (SB) | B4-248 | 1:25 | 1515 |
| T37730 | MCKINEY | (SB) | B-4-232 | 2:10 | 2:50 |
| K70001 | L. Lozano | (SB) | B-2-227 | 14:21PM | 1:15/40 |
|  | CS Powell |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(1)

B Library Paging 10/20/06

Pg.
1 AM

**(10x) SATURDAY, OCT. 21, 06**    **67**

| PLU | CDC# | NAME (PRINT) | HOUSE | IN | OUT | PLU |
|---|---|---|---|---|---|---|
| | V91623 | MARTINEZ Thomas | B5-120 | 8:44 | 10:00 | |
| | B-78150 | BALZARINI (DOC) | B2-231 | 8:45 | 11:21 | |
| | P88353 | Vogel | B5/105 | 8:45 | 11:22 | |
| | H-78840 | KEYS (SB) | B3/116 | 9:25 | 9:40 | |
| P | V11414 | Nakaya | B4-225 | 1050 | 1125 | |
| | P74473 | Hinnenkump | B-3 149 | 1:00 | 1515 | |
| | P46176 | DANIEL BUCKLEY (SB) | B3-201U | 1:00 | 1.25 | |
| | V47024 | Bill Burn | B3-116 | 1:05 | 3:10 | |
| | 649070 | N.A. Champion Third | B2/102 | 1245 | 1445 | |
| | P38715 | M. Israel | D1/217 | 1:20 | 3:00 | |
| | D-22018 | CELEDON (SB) | B-4-136 | 1:28 | 3:14 | |
| | X-5300 | Keshaun (SB) | B8-122 | 2:00 | 1502 | |
| / | T-2151 | Treaven Lizarraz0 (SB) | B2-237 | 1401 | 1503 | |
| | T-86698 | Marroquin 1 (SB) | B-5-115 | 13.85 | 15.15 | |
| | B-78150 | BALZARINI (DOC) (SB) | B2/231 | 1:20 | 3:05 | |
| | | | | | | |
| | (1) CDO | TUESDAY, OCT. 24 | | | | |
| | CDC# | NAME | HOUSE | IN | OUT | PLU |
| | J10668 | Eric KinAPP | B4-208 | 1330 | 1500 | |

(A)    B Library Paging 10/21/06

| | | | |
|---|---|---|---|
| 10/21/2006 | ADAMIETZ | H66635 | PAGING/ADDRESSES |
| 10/21/2006 | BALZARINI | B78150 | PAGING/3 CASE LAWS (SHEPARDIZE) |
| 10/21/2006 | HOOULU, G | T19651 | PAGING/OVERDUE BOOK NOTICE |
| 10/21/2006 | MEDINA, A | T68392 | PAGING/EVID 1101/CASE LAW |

68    (23) (+1)    WEDNESDAY, OCT 25, 2006

| CDC# | NAME (PRINT) | HO.ST | IN | OUT | PLU |
|------|------|------|------|------|------|
| V11614 | NAZAYA | B4-225 | 10:01 | 11:30 | |
| H40007 | EDDO | B3-1240 | 10:01 | 11:30 | |
| J92202 | SHATTUCK | B-3 214 | 10:00 | 11:00 | |
| V64763 | RICE | 13-3-140 | 1000 | 1045 | |
| K54159 | MOORE | B1-147 | 10:00 | 1130 | |
| V97623 | MARTINEZ | B5-120 | 10:00 | 10:50 | |
| V26583 | CALL | B5-124 | 1000 | 11:30 | |
| F10496 | RAYNOHA | B4-238 | 10:05 | | |
| V210___ | O'DBY, ___ (SB) | B-5 ___ | ___ | ___ | |
| V46860 | RANDY PISS (SB) | B3 #145 | 10 51 | 11:30 | |
| P1643 | Himmelkamp (SB) | B-3 149 | 11:14 | 31:28 | |
| H16738 | Mendoza, J | B5-110 | 18: | 3:00 | |
| B-78150 | BALZARINI (Doc) | B2-231 | 1:05 | 2:56 | |
| T68392 | Mzowa, A. | B4-117 | 1:10 | 3:10 | |
| K49020 | W.N. Champion, Nick | b2/102 | 1245 | 1500 | |
| 1147024 | Bill Bunn | B3-116 | 1:33 | 3:10 | |
| P72903 | Clark (SB) | S0220 | 1:30 | 3:06 | |
| T82998 | Johnson F (SB) | B5200 | 131 | 1500 | |
| J10618 | KinAPP (SB) | B4.208 | 1335 | 1430 | |
| T02552 | Cummer | B2 243 | 1340 | 1510 | |
| A88559 | MORAL | B.4 357 | 1350 | 2-10 | |
| V29___ | Kim Sonny JONES | B1-120 | 13:0 | 1510 | |
| P1643 | Himmelkamp | B-3 149 | 1:00 | 2:40pm | |
| | FRIDAY OCT 27 | | | | |
| J10618 | KinAPP, Eric | B4-208 | 1322 | 1500 | |
| | CSPowell | | | | |
| T82928 | Johnson | B3 2066 | 1516 | | |
| | | | | | |

(10)   B Paging 10/25/06

| 10/25/2006 | BUCKLEY, D | P46176 | PAGING/CASE LAW |
|------|------|------|------|
| 10/25/2006 | CANTRELL | V56290 | PAGING/3 CASE LAWS |
| 10/25/2006 | DELMARK, N | T79904 | PAGING/4 CASE LAWS |

**172**

| 11/9/06 | Balzarine B78150 B2-231 | Ct. of Appeal 2nd App. Div 4 # B191.39 | 11/15/06 |
|---|---|---|---|
| 11/17/06 | Hinnenkamp P76413 B3-149 | Sup. Ct. Monterey HC 5410 | 11/21/06 |
| 11/22/06 | J Salazar J24955 BS-102L | Sup. Ct. Yolo Cty. # FS-06-1568 | 12/15/06 |
| 11/22/06 | Knapp J10618 B4-208 | USDC Eastern # CIV S-05-2520 FCD CMK P 12/20/06 | 11/20/06 |
| 11/28/06 | Balzarini B78150 B2-231 | Sup. Ct. of L.A. # A 815886-01 | 12/21/06 |
| 11/29/06 | Hinnenkamp P-76413 B3-149 | Sup. Ct. Monterey # 5410 Not PLU - (Ct. doc. verified by J. Burk) issue "Moot" per Judge Anderson. | 12/21/06 |
| 12/5/06 | Balzarini B78150 B2-231 | Sup. Ct. - Monterey # HC 5501 | BW 1/7/31 1/24/07 |
| 12/5/06 | Balzarini B-78150 B2-231 | Sup. Ct. - Monterey # HC 5504 transfer of case ordered. not PLU But Active Case |

|          |         |                |                                         |           |
|----------|---------|----------------|-----------------------------------------|-----------|
|          |         | P-01568        | 9th Circuit                             |           |
|          |         | B1-241         | # 05-15794                              |           |
|          |         |                |                                         |           |
| 6/8/06   | 8/24/06 | Cremmer        | USDC Central                            | 9/22/06   |
|          |         | T62552         | # EDCV 05-1120-SGL (JWJ)                | 10/12/06  |
|          |         | B2-243         |                                         |           |
|          | 9/7/06  | Lau            | Ct. of Appeal 2nd app Dist              | 9/25/06   |
| 6/16/06  |         | V15557         | Div 4                                   |           |
|          |         | B1-110         | # B189750                               |           |
|          |         |                |                                         |           |
|          | 9/13/06 | K'Napp         | USDC Eastern                            |           |
| 6/28/06  |         | J10618         | # CIV S-05-2520 FCD CMK P               | 10/4/06   |
|          |         | B4-121         |                                         |           |
|          |         |                |                                         |           |
|          | 9/13/06 | Medina         | USDC Southern                           | 10/8/06   |
| 7/3/06   |         | T-68392        | H 06CV1221EG WMc                        |           |
|          |         | B5-140         |                                         |           |
| 1-119    |         |                |                                         |           |
|          | 9/27/06 | Puget          | USDC Central                            | 9/29/06   |
| 6/25     |         | T10054         | # EDCV 05-0571-JVS (RCF)                |           |
|          |         | B2-141         |                                         |           |
|          |         |                |                                         |           |
|          | 9/29/06 | Casillas       | Ct. Appeal Div 6.                       | 10/13/06  |
| 7/26/06  |         | F-15750        | Ventura                                 |           |
| SHP      |         | B3-208         | B190272 (P. v. Casillas)                |           |
|          |         |                |                                         |           |
|          | 10/1/06 | Makasini       | USDC - Northern                         |           |
| 8/24/06  |         | P-63509.       | San Jose Div. (starts 12/2)             | 1/2/07    |
|          |         | B1-142         | # C 06-1601 JW (PR)                     |           |
|          |         | PLU transfer   | to I/M Jeffries                         |           |
|          |         |                | K15209 - B1-119                         |           |
| 8/18     |         |                |                                         |           |
|          | 11/8/06 | Brittan        | US Ct. of Appeals                       | 12/13/06  |

B2 -231

State of California                                            California Department of Corrections and Rehabilitation

# A P P E A L   -   F I R S T   L E V E L   R E V I E W
## S A L I N A S   V A L L E Y   S T A T E   P R I S O N

**DATE:**     April 27, 2007

**NAME:**     Balzarini    CDC # B-78150

**APPEAL #:**    FIRST LEVEL APPEAL LOG #SVSP-B-07-01558

**APPEAL DECISION:**  Granted

**SUMMARY OF APPEAL:**  Appellant states in his appeal that he is not being given adequate time in the library and ducats are not being issued by authorized staff.

Appellant requests on appeal that ducats be issued by authorized staff, that library hours be posted, and inmates be given access to the library whenever there is room

**SUMMARY OF INVESTIGATION:**   The appellant is advised that per Operational Procedure 21, Section 21.9.11, Priority Legal Users (PLU's) shall receive physical access to the library a minimum of one session, of two hours per week.  Additional time will only be made available if all GLU access requirements have been met, and institutional resources allow.  At this time, the requests for access to the Facility B library, by all users, is too great to allow more than the minimum required access. However, whenever space becomes available, additional access will be granted to those requesting it.

With respect to ducats being issued by authorized staff, ducats are now being issued through the assignment office for those inmates requesting library access.

Facility B PLU's are regularly scheduled for Tuesdays, however the library hours will be posted in the library for reference purposes.

**APPEAL RESPONSE:**  Granted.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


J. Crosby
Vice Principal (A)
Salinas Valley State Prison


T. Melvin
Principal

rec: 4 May 07

*gduc* RECEIVED

# INMATE APPEAL ROUTE SLIP

APR 1 0 2007

**To: CA1**

Date: April 9, 2007

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-B-07-01558**  By Inmate **BALZARINI**, **B78150**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue:  LEGAL

Special Needs:

Due Date: **05/18/2007**

5/8/07

STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted**.  This policy is not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

Crosby
Due 5/1/07

**RECEIVED** APR 2 4 2007 V6

State of California                                          California Department of Corrections and Rehabilitation

# A P P E A L  -  I N F O R M A L   L E V E L   R E V I E W
## S A L I N A S   V A L L E Y   S T A T E   P R I S O N

**DATE:**  March 14, 2007

**NAME:**  **Balzarini**, Michael          **CDC #  B78150**

**APPEAL #:  Informal**

**APPEAL DECISION:  PARTIALLY GRANTED**

**SUMMARY OF APPEAL:**  Inmate alleges access to Law Library is inadequate.   And is requesting access to the Law Library.

**SUMMARY OF INVESTIGATION:**  See Attachment, Print out of inmate access to Law Library.

**APPEAL RESPONSE:**

The appellant is designated as a Preferred Library User (PLU). The appellant is receiving the minimum required physical access to the Library (minimum of one (1) session of two (2) hours per week"). The appellant is receiving the maximum amount of time the facility is capable of providing due to the number of inmates who require access to the Library. It is noted that the appellant has refused to report to the Law Library after being scheduled to attend on March 10th and March 13th, 2007.

The appellant is advised that paging services are also available in lieu of physical access to the Library.

The appellant's complaint regarding ducats has no merit as all PLU designated inmates are scheduled on Tuesdays. The appellant, therefore, has sufficient notice of the date and time of his scheduled appointment to the Law Library. The appellant is advised that as of the week of March 19, 2007 inmates will begin receiving ducats for their Library appointments.

Based on the above, this appeal is **Partial Granted**. Inmate has been ducted for Law Library on Wednesday, March 14, 2007.

If you are dissatisfied with this decision, you may appeal to the First Level by following the instructions on your appeal form.

ROSARIO ROJAS
Library Technical Assistant
Salinas Valley State Prison

## NAME:  BALZARINI, M    CDC # B78150    HOUSING: B2-231    128-B

On Friday, March 2, 2007, Inmate **BALZARINI**  CDC #B78150, B2-231, was ducated to go to Facility B's Law Library and did not show up. Previously in the week, BALZARINI stated he was being denied to have access to the Law Library. I called the Tower in Building 2 on Wednesday, February 28 at 0845 hours to have them release a couple of inmates that were scheduled to come to the Law Library that morning, including Inmate BAZARINI. The other inmates came in but BALZARINI was a no show.

Today, March 2, 2007 at approximately 0845 hours, I called the Building 2 Tower to notify them to release Inmate BALZARINI to come to the library along with other inmates that were scheduled. At 0855 hours, the other inmates from Building 2 arrived except for Inmate BALZARINI. I called the unit to get an update. C/O Mount in the Tower stated he had opened BALZARINI's door in B2-231. At 0930 hours, I called the Facility B's Observation Tower to have them page BALZARINI to have him come to the library. Again, he did not show up. At 0945 hours, I called the Building 2 Tower to write down the C/O's name so that I can file this report. Again, C/O Mount confirmed that he did indeed open BALZARINI's door to come to the Law Library and the inmate was notified to do so.

Inmate BALZARINI is always allowed to utilize the Law Library when he is scheduled to come. We are aware that he has a court deadline on March 13, 2007 that he verified with this library. He is reminded that per S.V.S.P. policy in OP#21, pages 19-20, it states in part that 'Priority Legal Users' (PLU – inmates with court deadlines) shall receive physical access to the library a minimum of **one session, of two-hours per week**...Additional time will only be made available if all GLU (General Legal Users) access requirements have been met. There is no automatic ducating of either PLU or GLU inmates. Each access period must be requested in writing.' (a copy of this OP#21 section is attached) Inmate BALZARINI will have to resubmit another Request for Library Access to come to the Library. He can file a 602 pertaining the two hours a week access policy if he chooses to do so.

**\*\*\*NOTE:**  For the past two months, there has only been one L.T.A for both Facility A and B Law Libraries because one L.T.A. retired at the end of 2006.  I have done to the best of my ability by having  everyone who has requested to come to the Law Library come in. I always started at the beginning of the week by having anyone with a court deadline (including Inmate BALZARINI) come in first, followed by other inmates who requested to do research. During the lockdowns which is all documented, I called Inmate BALZARINI first because he was a PLU inmate. The new L.T.A. is tentatively starting on Tuesday, March 6, 2007. The Law Library will be open all day from Tuesdays through Saturdays except when there is training so the schedule should be back to normal. PLU inmates will be called in first, followed by other inmates requesting to utilize the Law Library. If there is more space and time to do so later in the week when the GLU's are completed, the PLU inmates might be called in again.

**ORIG:**      **C-FILE**
**Cc:**       **CCI**
          **Originator**
          Inmate

**DATE:** 3/2/07

I. Jurado
**Facility B L.T.A**

## 128-B, INFORMATIONAL CHRONO

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region
1. SVSP B
2. _____

Log No.
1. 07-01358
2. _____

Category
10
CAL-Edu

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.      *law library - access*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BALZARINI | B-78150 | By | B2231 |

A. Describe Problem: The Access to the Law library is inadequate.  Theres No Ducats Issued and signed by Program Sgt.  Access for PLU, is to be when ever theres room open in the law Library.  As it stands now, it's only one day per week, if your lucky.

As it is now, theirs No way to do research and locate the cases needed for reply to the Court's in which Ive a Court deadline at this time of 27 March, Not getting adequate time to research, an respond to the Court.

(see Attach Page ).

If you need more space, attach one additional sheet.

B. Action Requested: Issue Ducat's the day before, and to run assess to the law library when theirs space available.

Inmate/Parolee Signature: _Balzarini_    Date Submitted: 3-5-07

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: SEE ATTACHED      RECEIVED MAR 05 2007

Staff Signature: ROSARIO ROJAS      Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

(See attach page #1 + #2)
Its illegal for Unauthorized Staff To issue ducats or passes      RECD MAR 20 2007
These claims made by Staff are unsubstantiate

Signature: _Balzarini_      Date Submitted: 26 March 07

Note: Property/Funds appeals must be accompanied by a completed      CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim      RECEIVED APR 06 2007      DELIVERED APR 05 2007

First Level   ☒ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _4-9-07_   Due Date: _5-18-07_

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _V. Principal (A)_ Date Completed: _4-27-07_

Division Head Approved: _____ Returned

Signature: _____ Title: _Principal_ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

A.      The Ninth Circuit's  Opinion in 2002, required that hearings
        be held to determine whether Calif prison law libraries were
        unconstitutionally deficient.    Gilmore v. Calif.(00) 220 F.3d 987.
            The hearings never took place because, as a result of negotitatio
        the parties agreed to adhere to 1972 Court Order setting Forth
        detailed requirement's for the contents of the law library.
        a.  Gilmore v. Lynch (70) 319 F.Supp.105;
            The right to an adequate law library includes the right to use
        the library for a reasobable amount of time.
        b.  Lindquist v. Idaho State Bd of Corr.(85) 776 F.2d 851;
        c.  Shango v. Jurich (92) 965 F.2d 289.

D.1:   its illegal for unauthorized Staff to
CONTINUED  issue ducats.
FROM         Received "inmate-pass - Library ducat".
Section D.  received this in mail, in evening of 27 March
           after the time to go there.

           Issuing ducats by Non-custody Staff, must be
approved by Sgt or higher.
           There's No-posted time for Law Library,
when ever there's room in library, inmates
must be given access.
           To limit inmates to (2) two-hours per week,
puts limits on access to the courts
as to the (2) two false 128 B-chrono's, if Staff
would take the time to check, and see that I
was at C.T.C., on Medical. (See Ducat list on this)
           So there's no way for tower officer to check,
this would have to be done by floor-Staff.

Section: D
_____

D.2:   action Requested:

           Need to have authorized Staff issue Ducats.
           The time for law library hours-open, needs
to be posted at library and in all the
housing units, an remove the (2) 128 B chronos.
all inmates are to be given access to
law library, when there's room, and during
the time library is open.

| California Department of Corrections Salinas Valley State Prison OPERATIONAL PROCEDURE #21 | TITLE: Education Services/Recreation /Library/Inmate Orientation/Bridging |
|---|---|
| | DEVELOPED: March 1999 |
| | REVISED: April 2005 |

court appearances, and the dismissal of an action are not considered deadlines without supporting documentation indicating a court submission is required within thirty days. Deadlines for small claims actions, or other civil actions, not directly related to an inmate's original conviction, or conditions of confinement, do not qualify for PLU status. There is no automatic ducating of either PLU or GLU inmates. *Each access period must be requested in writing.*

**21.9. 11**
**PLU ACCESS TO**
**LIBRARY**

Library staff will keep a logbook of all inmates with a verified court deadline. The logbook will include the inmate's name, CDC number, deadline date, case number, and the court issuing the document. PLU's shall receive physical access to the library a minimum of one session, of two-hours per week, when it is required for access to the requested legal materials and it does not conflict with yard lockdowns or safety and security issues. This access cannot conflict with an inmate's assigned work incentive program. Additional time will only be made available if all GLU access requirements have been met, and institutional resources allow. If a PLU has more than one verified court deadline at the same time, he will only receive PLU status on one deadline; however, he may work on both deadlines. An inmate may delegate his PLU status to another inmate in the same facility. Both inmates must sign a Transfer of Preferred Legal User status form in the presence of library staff before the original inmate's PLU status can be delegated. Inmates who accept a transfer of PLU status must act in accordance with CCR, Title 15, Section 3163. Delegated PLU status is limited to 14 days. Extensions will require a review by the Senior Librarian.

If an inmate with PLU status transfers his PLU status to another inmate, he no longer has PLU status, even if he has another deadline. If an inmate has accepted a PLU transfer, and also has a personal court deadline, he may receive PLU status for only one case.

**21.9. 12**
**ACCESS TO LEGAL**
**MATERIAL STORED**
**IN R & R**

Upon request by a PLU, the Senior Librarian will complete a request for an inmate to access his excess legal property and route it to the Facility Program Sergeant in order for the inmate to retrieve or exchange legal material from storage. The librarian's function is to verify PLU status; only custody staff can facilitate access to stored legal materials.

**21.9. 13**
**GLU ACCESS**
**TO LIBRARY**

General Legal Users (GLU) are inmates who wish to receive library services but who do not have a verified court deadline. Inmates who have attorney representation may utilize library services as a GLU. GLU's may submit a Library Access Request form via institutional mail, or at library service windows. When physical access is needed ducats will be issued on a "First come, first served" basis. Under normal conditions a GLU will

| California | TITLE: Education Services/Recreation |
|---|---|
| Department of Corrections | /Library/Inmate Orientation/Bridging |
| Salinas Valley State Prison | DEVELOPED: |
| OPERATIONAL | March 1999 |
| PROCEDURE | REVISED: |
| #21 | April 2005 |

requests cannot be filled by paging.

**21.9. 8**
**ADMINISTRATIVE**
**SEGREGATION**
**LIBRARY SERVICES**

All inmates housed in administrative Segregation (Administrative Segregation) will have access to the Law Library to ensure that they have adequate access to the courts. Inmates housed in Administrative Segregation may request to use the Administrative Segregation Law Library via institutional mail, or by placing a request with custody staff assigned as the Law Library Officer. The Administrative Segregation Law Library is currently open from 8:00 a.m. to 3:00 p.m., excluding one thirty-minute lunch. Administrative Segregation inmates who do not require physical access to the Law Library, but need forms, cases, petitions, or questions answered, will be serviced through a paging system. The Administrative Segregation Legal Library Officers will deliver Administrative Segregation Legal materials.

Only duplicated legal resources, no law books or serials (newspapers, magazines, periodicals) will be provided to inmates in Administrative Segregation. An index of available legal materials will be maintained with Custody Staff, and made available to inmates upon request. There is no charge for these materials; however, they remain the property of Salinas Valley State Prison. They will be treated in the same manner as regular library book checkout and must be returned when due.

**21.9. 9**
**LAW LIBRARY**
**COLLECTION**

Law books may only be used in the Law Library. Law Library staff may not provide assistance to inmates in the form of legal advice, filing out of legal forms, or interpretation of the law. Libraries provide access to the complete legal collections mandated in DOM 53060.11. Other reference materials, directories, and legal forms for state and federal courts are also available. Typewriters are only available to verified DPP inmates requiring their use to complete submissions.

**21.9. 10**
**INMATES WITH**
**COURT DEADLINES**

Priority Legal Users (PLU) are those with a verified court deadline within 30 days, and representing themselves in the action. Only inmates acting in "pro per" will be afforded PLU status. PLU's receive priority access to library services. Physical access is only permitted during an inmates non-working hours. To request PLU status, an inmate must submit a Library Access Request and check the "I am a PLU" box. Designations of the court, active case number and deadline must be included. When court documents are unclear, for purposes of establishing a deadline, the inmate must provide clarification in the form of a court rule, or similar rule, which requires a response to the court within thirty days. Ongoing cases,

State of California                                                      Department of Corrections and Rehabilitation

## INMATE / PAROLEE APPEAL SCREENING FORM

INMATE: **BALZARIN** CDC #: **1378150**    CDC HOUSING: **132-231**    CDCR-695

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR REASONS NOTED BELOW OR

RETURNED TO MORE INFORMATION OR FOR YOU TO ATTACH SUPPORTING DOCUMENTS.

### PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

[ ] Requested Action Already Taken
[ ] Duplicate Appeal; Same Issue
[ ] Appealing Action Not Yet Taken
[ ] Incomplete Appeal – Documents Not Attached
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] Appeal Process Abuse – Inappropriate Statements
[ ] No Significant Adverse Effect Demonstrated
[ ] Action / Decision Not Taken By CDCR
[ ] Action Sought Is Under Sentencing Court Jurisdiction
[ ] Submit Issue to Assigned Parole Office
[ ] Appeal Matter to VCGCB
[ ] DRB Decisions Are Not Appealable
[ ] Request for Interview; Not an Appeal
[ ] More than one issue –one issue per appeal

[ ] Requested Appeal Withdrawn
[ ] Appeal Previously Received and Processed
[X] Incomplete 602 – Complete Next Appropriate Section D
[ ] Incomplete 602 – Sign and Date Appropriate Section
[ ] Limit of One Continuation Page May Be Attached
[ ] Incomplete Disciplinary Appeal – Missing Documents*
[ ] Incomplete Property Appeal – Missing Documents*
[ ] Failed to Provide Necessary Copies of Chrono(s)*
[ ] Appeal Process Abuse – Pointless Verbiage
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Appeal Issue & Reasonable Accommodation Not 1824
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Emergency Not Warranted-CCR 3084.7

[ ] Not a Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362, Health Care Services Form, and send it to the Medical Department for an appointment. *If necessary, sign up for sick call.*

### PLEASE ATTACH AS NOTED BELOW:

[ ] CDC 115/Hearing Officer's Results
[ ] CDC 115 with IE/DA information
[ ] Supplemental Reports to CDC 115
[ ] CDC 1030 Confidential Disclosure
[ ] CDC 114D Lockup Order
[ ] CDC 128G ICC/UCC
[ ] CDC 128G CSR Endorsement Chrono
[ ] CDC 839/840 Class/Reclass Score Sheet
[ ] CDC 7219 Medical Report
[ ] **Other: SEE COMMENTS BELOW**

[ ] CDC 128C Medical Chrono
[ ] CDC 1819 Denied Publications
[ ] CDC 128 A
[ ] CDC 128 B
[ ] CDC 143 Property Transfer Receipt
[ ] Cell Search Slip
[ ] Receipts
[ ] Qtr. Pkg. Inventory Slip
[ ] Trust Account Statement
[ ] Property Inventory Receipt

Comments: You may write on back of this form to clarify or respond to the above.

*You are required to fill out Section D completely then use a continuation page*

**T. Variz, Correctional Counselor-II**
**Appeals Coordinator**
**Salinas Valley State Prison**                                   Date: **3/29/07**

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return this form to the Appeals Coordinator with the necessary information attached.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.         Category
1. SVSP B                              1. 07-01556      10
2.                                     2.                CAl-Edu

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedures responsibly.    law library - access

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BALZARINI | B-78150 | By | B2231 |

A. Describe Problem: The Access to the Law library is inadequate. Theres No Ducats Issued and signed by Program Sgt. Access for PLU, is to be when ever theres room open in the law Library. As it stands now, it's only one day per week, if your lucky.

As it is now, theirs No way to do research and locate the cases needed for reply to the Court's in thich Ive a Court deadline at this time of 27 March, Not getting adequate time to research, an respond to the Court.
(see Attach Page ).

If you need more space, attach one additional sheet.

B. Action Requested: Issue Ducat's the day before, and to run assess to the law library when theirs space available.

Inmate/Parolee Signature:                          Date Submitted: 3-5-07  2 Oct 07

C. INFORMAL LEVEL (Date Received: )
Staff Response: SEE ATTACHED                        RECEIVED MAR 05 2007

Staff Signature: ROSARIO ROJAS                      Date Returned to Inmate:

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

(See attach page #1 + #2) its illegal for Anauthorized Staff To issue ducats or passes these claims made by Staff are unsubstantiated    REC'D MAR 29 2007

Signature:                                          Date Submitted: 26 March 07

First Level    ☒ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _4-9-07_    Due Date: _5-18-07_

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _Crosly_    Title: _V. Principal (A)_    Date Completed: _4-27-07_

Division Head Approved:
Signature: _____    Title: _Principal_    Returned
Date to Inmate: _____

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: _____
☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

EXHIBIT - 1A

**FILED**

UNITED STATES COURT OF APPEALS

**JUN 09 2006**

FOR THE NINTH CIRCUIT

**CATHY A. CATTERSON, CLERK**
**U.S. COURT OF APPEALS**

| | |
|---|---|
| MICHAEL DOC BALZARINI, | No. 06-15750 |
| Plaintiff - Appellant, | D.C. No. CV-01-05033-AWI |
| | Eastern District of California, |
| v. | Fresno |
| C. GREAVES; et al., | |
| | ORDER |
| Defendants - Appellees. | |

Before: CANBY, T.G. NELSON and KLEINFELD, Circuit Judges.

Appellees' motion to dismiss this appeal for lack of jurisdiction is granted.

*See* 28 U.S.C. § 2107; *Alexander v. Sacha*, 439 F.2d 742 (9th Cir. 1971)

(requirement of timely notice of appeal is jurisdictional). All other pending motions

are denied as moot.

PROSE



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 0 1 2007

In re:   Balzarini, B-78150
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0609645          Local Log No.: SVSP 06-03261

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position he was evaluated on September 6, 2006, by Dr. Millner in the high risk clinic, who prescribed Nuelastra and laboratory studies. The appellant claims only the blood test was completed. The appellant alleges it is becoming a common occurrence for a physician to prescribe something and the order not to be processed due to staff shortages. The appellant is requesting when he is examined by a physician, to receive the prescribed treatments before his problem worsens. In addition, the appellant wants a follow-up program in place to make sure inmates are getting what is prescribed, and to receive medication renewals before they run out.

**II   SECOND LEVEL'S DECISION:** It is the institution's position the appellant was prescribed Nuelastra on November 29, 2006. The appellant received the injection on October 5, November 7 and November 9, 2006. Hematology studies were obtained on October 5, November 2, December 6, December 15, 2006; and, January 9, 2007. A review of the appellant's laboratory studies does not support the necessity for further Nuelastra treatment. The appellant is being followed in the high risk clinic by Dr. Millner. Although there was a delay in the Nuelastra injection, the appellant was advised there was no adverse affect on his condition; and, he is receiving quality health care. The appellant was advised his new issues of a hand and eye infection would not be addressed in the Second Level of Review; however, his Unit Health Record indicated he has been treated for these complaints and they are healing well. The appellant was lastly informed that procedures are in place to process physician's orders; however, errors do occasionally occur due to the job demand and staff shortages. Positive staffing changes have occured from October through December 2006 that has corrected many of the past problems. The appellant was informed an attempt was made to deliver two wrist braces and a lumbar support on January 19, 2007; however, the appellant refused the delivery and refused to sign a CDC Form 7225, Refusal of Examination and/or Treatment as they were not the appliances prescribed. After confirming the physician's order, it was determined these appliance were what the health care provider prescribed. The appellant was directed to discuss his differences and any discrepancies with his primary care physician (PCP).

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.  FINDINGS:** It is the appellant's contention he is not receiving the prescribed interventions in a timely manner and claims this problem is worsening due to staff shortages. The appellant was prescribed Nuelastra on September 29, 2006; however, he did not receive the injection until one week later. Health care staff acknowledged the delay and informed the appellant there was a staff shortage and more demanding responsibilities. Although the injection was delayed, there were no adverse affects caused to the appellant. After numerous hematology studies, the appellant's high risk physician determined Nuelastra was no longer indicated. The appellant's two wrist braces and lumbar support were attempted to be delivered on January 19, 2007; however, the appellant refused to accept delivery as he claimed they were not the correct appliances. After reviewing the prescription, the appellant was informed the appliances were what the provider had prescribed and was advised of the procedure for addressing his concerns with his PCP. After review, the appellant has received the appropriate health care intervention. As a result, intervention at the Director's Level of Review is not necessary.

BALZARINI, B-78150
CASE NO. 0609645
PAGE 2

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3350.1, 3351, 3354, 3358

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Health Care Manager, SVSP
       Appeals Coordinator, SVSP
       Medical Appeals Analyst, SVSP

State of California    Department of Corrections and Rehabilitation

# Memorandum

Date: January 31, 2007

To:    Inmate Balzarini, B78150
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-B-06-3261

**ISSUE**:
The appellant states that on September 6, 2006, Dr. C. Millner - High Risk Clinic prescribed Nuelastra and ordered a blood test. The appellant states that only the blood test done. It is the appellant's statement that the doctor orders something and it doesn't get processed. It is the appellant's position that this is due to a staff shortage and the problem is getting worse not better.

The appellant is requesting on appeal that when he sees the doctor again to get his treatment started again which causes his problem to get worse not better. The appellant wants a follow up program in place to make sure that inmates are getting what was ordered by the doctor and if it needs to be renewed before it runs out.

**INTERVIEWED BY**:  G. Lauber, Registered Nurse on December 3, 2006.

**REGULATIONS**:  The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350   Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

**SUMMARY OF INVESTIGATION**:

The First Level of Review (FLR) was completed on December 12, 2006. Dr. R. Bowman, MD, Physician and Surgeon was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

The appellant was advised at the First Level Review that a copy of his chrono for a wrist brace and lumbar support were faxed to the Medical Supply Warehouse. However, at the Second Level Review the appellant states that he talked to staff

**Inmate Balzarini**
**Log No.: SVSP-B-06-03261**
**Page 2**

personally and they did not have paperwork. The Medical Supply Warehouse staff informed the Medical Appeals Office that on January 19th an attempt was made to deliver to the appellant two wrist braces and a lumbar support. The appellant refused delivery and refused to sign a refusal form for the devices, stating to the Warehouse staff that these were not the devices that he expected and he would wait for the processing of his current appeal to get what he wanted. The appellant disagrees with the devices ordered however the devices which staff attempted to deliver were what the provider ordered. As such, the appellant is advised to follow the established procedure to access medical care and discuss his differences with the provider.

A thorough review was conducted of the issues regarding the appellant's blood testing and delayed injection. Review of the unit health record documentation reveals the order dates.

The appellant was prescribed Nuelastra on September 29, 2006. He received this injection on October 5, 2006. The appellant was ordered blood test for which he was tested on October 5, 2006. The appellant was prescribed and received Nuelastra on November 7, 2006 and November 9, 2006. Hematology was ordered and done on October 5, November 2, December 6, December 15, 2006, and January 9, 2007. A review of the appellant's blood test results of the last hematology report do not support any further treatment with Nuelastra at this time. The appellant is being followed in the High Risk Clinic by Dr. Millner. Although there was a delay in the injection, the appellant is receiving a high quality of treatment, the delay did not impact the appellant's condition, and he continues to be followed in the High Risk clinic. There are treatment variables which are left to the discretion of the provider in the ordering of blood test. The appellant cites a new issue at the Second Level of appeal regarding blisters and serious infection on hand and eye. Documentation of the unit health record indicates that the appellant has received treatment for these complaints and is healing well. The appellant is lastly informed that procedures are in place to process doctor's orders at times human error will occur do to the job demand from staff shortages. Positive staffing changes have taken place from October through December, which have corrected many of the past problems.

**DECISION**: The appeal is **Partially Granted.**

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

CHARLES DUDLEY LEE, MD
Health Care Manager
Salinas Valley State Prison

**#.** (CONTINUED):

Can't read the parties Name as to who this HCM(A) for Dr.Lee, is ?

First of all, he's a lier and a Jurk, for making false claims, because anyone who took the time to review my Medical file would see that my claims are wright, and that his was not the truthful reply to the claims.

a.      The "Neulasta"; shot was ordered only once, and given only once, in (3) Three intervils, on 20,21, & 22 May 2006.

"Neulasta" was the shot ordered and given on 9 Nov 2006, a week after the Dr. ordered that it be given that day;   the next time this shot of "Neulasta" was ordered, and given on 9 Jan 2007, at CTC, where Dr.C.Millner, had his Nurse, give it to me then,   this is because my t-count goes down BECAUSE OF MY TREATMENT.

b.      As to the items ordered back in March of 2006, (2) Two wrist braces for carpal syndrom,  and Back brace with W/Sench & Sholder straps. I explained to the warehouse Staff who tryed to give me a Foam braces, that this was not what the Dr, ordered, and Iam not goin to except the wrong items, especally when they would do nothing.

These items were oringinaly ordered in March of 2006, and have been re-ordered and re-ordered again, & again, and Ive not receive the items, or any other followup, as to my back and wrist, my paper work keeps getting lost, then Staff, claim it wont happen again, then once I leave, I never here anything, unless I see the Doctor, and bring it up again,because Ive not had any followup; RECEIVED NOTHING ON FoLLowup, AS TO dATE, The only way is that I have to keep reminding them, and asking the Doctor, then nothing dosen't get done,, need to have a followup system to make sure that what is ordered by the Doctor, is given, needs to be like the V.A.-Hospital, as to Computers of all records and care, is most cost effective, and easer to deal with large numbers of inmates.

5 Feb 07

Balzaring

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**



| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 9/28/06 | 0933 | ① | Ribavirin 200mg ₰ PO BID × 1yr |
|  |  | ② | Interferon 180ug /SQ qweek × 1yr |
|  |  | ③ | Stat CBC |
|  |  | ④ | F/u ① Month |
|  |  | ⑤ | Prilosec 20mg ₰ PO BID × 10 days |
| 9/28/06 | 1250 | ① | Nexium long SQ × 1  Miller |

| ALLERGIES: | INSTITUTION | ROOM/WING |
|---|---|---|

Confidential
client information
See W & I Code, Sections 4514 and
5328

**CDC NUMBER, NAME (LAST, FIRST, MI)**

Balzarini, M

B 78150

**PHYSICIAN'S ORDERS**

CDC 7221 (9/90)

** EMERGENCY APPEAL**

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region 1. SVSP-B  2.    Log No. 1. 06-0326  2.    Category (8)    CTC 1af

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: BALZARINI, Michael    NUMBER: B-78150    ASSIGNMENT: Ydw    UNIT/ROOM NUMBER: B2-231

**A. Describe Problem:** Under High-Risk Care; of Dr.Millner. Who on the 28 Sept 06, Ordered Blood-Test and to be given "Nuelastra"; Do to my serious Medical problem. Only the Blood-Test was done. This is not the First time, that the Doctor Order's something, and it remains in the File or dosent get process. This is do to shortage of Staff, and No followup program in place. This continues to be a problem, and Medical is getting worse, not better. Why should I try to get Medical treatment; When the Medical system,keeps stoping my treatment, do to delibetate indiference. (Having serious side effects, and nothing gets done when I tell Staff).

If you need more space, attach one additional sheet.

**B. Action Requested:** When I see the Doctor again to get my treatment started again. which causes my problem to get worse,not better.

To have a followup program in place, to make sure, the inmates are getting what was ordered by the Doctor, and if it needs to be renewed before it runs out.

Inmate/Parolee Signature: Balzarini    Date Submitted: 4 Oct 2006

DELIVERED OCT 2 3 2006

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: Partially granted. The first action requested "when I seen the Dr. again..." is denied. That statement implies that you are appealing an anticipated action and therefore will not be addressed. Your appeal then is partially granted in that procedures are in place for ensuring that what is ordered is provided and the Neulasta was ordered and provided/given as a one-time injection.

Staff Signature: M Bofor    SRN    Date Returned to Inmate: 10/17/07

RECEIVED FEB-1 2007 APPEAL BRANCH

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Doctor Orders something, No one makes sure I receive whats Ordered, this is continuing problem of No followup. The Doctor Ordered the Shot that day, it took week to finally receive it. No-blood test followup after shot. Havent received other items Ordered in March,June,July, as to date!

Signature: Balzarini    Date Submitted: 25 oct06
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    RECD OCT 2 7 2006    CDC Appeal Number:

SVSP-D-06-3267 Darg @

**First Level**  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

**E. REVIEWER'S ACTION** (Complete within 15 working days): Date assigned: 10·30·06    Due Date: 12·13·06

Interviewed by: RN G. Fauber 12/3/2006. A copy of your chrono for a wrist brace & lumbar back support were faxed to the Medical supply Warehouse. In the issue of the Neulastra injection, this will be discussed w/ High Risk Provider to meet the lab test requirements. At minimum, a one time, perweek blood test after 24-48-72 hrs from the time that Neulastra is given.

DELIVERED DEC 15 2006

Staff Signature: C. Kates    Title: AGPA    Date Completed: 12/12/2006

Division Head Approved: Signature: Kathleen McNall    Title: DON    Returned Date to Inmate: 12·19·06

**F.** If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Talk to Staff, who orders Medical Appliances, & Said they never received any paper work for me ! Nor has my Blood been taken, Ive got blisters & serious infection, on hand 7 Eye!. Eidentillay this Staff in the above does not have the authority to grant my request, because Ive not received anything sent original ordered in March . . . repeated times again...

RECD DEC 22 2006

Signature: Balgarini    Date Submitted: 21 Dec 06

**Second Level**  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

**G. REVIEWER'S ACTION** (Complete within 10 working days): Date assigned: 12/22/06    Due Date: 1/24/07

☒ See Attached Letter

Signature: _____    Date Completed: 1/31/07

Warden/Superintendent Signature: A. Hedgpeth #CM (A)    Date Returned to Inmate: 

DELIVERED FEB 04 2007

**H.** If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

(See attach page)

Signature: _____ Balgarini    Date Submitted: 5 Feb 2007

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

**DIRECTOR'S ACTION:**  ☐ Granted  ☐ P. Granted  ☒ Denied  ☐ Other _____
☐ See Attached Letter

Date: MAY 01 2007

CDC 602 (12/87)

B2-231

# INMATE APPEAL ROUTE SLIP

**To: CTC** / Kates                          Date: October 30, 2006

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-B-06-03261**  By Inmate **BALZARINI**, **B78150**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue:  MEDICAL

Due Date: **12/12/2006**

Special Needs:

STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted**.  This policy is not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN.  When complete, return appeal to the Appeals Office.  All first level appeals require signature of the Division Head.  Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

# INMATE APPEAL ROUTE SLIP

## To: CTC /Kates                          Date: January 2, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-B-06-03261** By Inmate <u>BALZARINI</u>, <u>B78150</u>

Please assign this appeal to appropriate staff for **SECOND** level response.

Appeal Issue: MEDICAL

### Due Date: **01/24/2007**

Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

EXHibiT - 2A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    APR 2 5 2008

In re:    St Michael Balzarini, B78150
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0716160          Local Log No.: SVSP-07-03243

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner L. Warren, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he has not been given the orthopedic devices that have been ordered for him over the last one and a half years, nor has he received his medications or eyeglasses. According to the appellant, the doctor ordered two braces for his carpal tunnel syndrome in March 2006, and a heavy support brace for his back. He claims that staff attempted to give him braces that were not ordered by the doctor and he still has not received the proper braces. He states that he received eyeglasses, but they fell off his face and broke because they were so cheap. He claims that he has serious back, leg and wrist pain. At the Second Level of Review, the appellant states that it took 57 days to get a response to his appeal at the First Level.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant's primary care physician submitted three referral requests for the appellant on July 31, 2007; one with an orthopedist to evaluate the appellant's wrist condition, one for electromyogram study of his lower extremities, and one for an orthotics consultation for orthopedic boots and a new back brace. A review of the appellant's Unit Health Record (UHR) reveals that he received orthopedic boots on September 26, 2006, but is in need of new ones and has been scheduled for an appointment in the prosthetic clinic to be evaluated for new footwear. A review of the appellant's UHR also revealed that he was issued an industrial back brace on April 11, 2007, but will be evaluated for a new one. In the meanwhile, the appellant has been prescribed a pressure mattress. The appellant was offered wrist braces in 2007 which he refused. Regarding the appellant's eyeglasses, a referral was submitted on his behalf on November 6, 2007 for an evaluation by the optometrist within the Plata guidelines. With regard to his medication issue, a review of his UHR revealed that he is receiving three medications and was advised that if he does not receive all three medications to advise medical staff.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** The Director's Level of Review (DLR) reviewed the appellant's issue and reaffirms the institution's examination and conclusions. There is no cause to intervene at the DLR. Due to the time lapse since the referrals noted above, the examiner contacted the institution and was informed that the appellant was approved for a lumbar back brace and right wrist brace by Dr. Lee on March 11, 2008 as recommended by Birkholm Prosthetics and Orthotics. He was also given an urgent referral for a neurosurgery consultation. He has been prescribed three medications and there is no evidence that he is not receiving them. The appellant has failed to establish that he is not receiving indicated care.

    At the DLR, the appellant raises new issues that were not included in the original appeal. He states that he was told by a nurse that his name has been taken off the list for orthopedic devices; however, this is contradicted by the institution which states he was approved for orthopedic devices on March 11, 2008. The appellant also states that he is receiving Tylenol because the department no longer authorizes Tramadol. He states that if he were on the streets, he would get a shot of morphine for his wrist pain. The appellant is advised that this medication issue will not be addressed at the DLR because it is inappropriate to expand the appeal beyond its original issue, and the institution has not been given the opportunity to address this specific issue.

ST MICHAEL BALZARINI, B78150
CASE NO. 0716160
PAGE 2

**B. BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3354

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Health Care Manager, SVSP
       Appeals Coordinator, SVSP
       Medical Appeals Analyst, SVSP

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.        Category
1. *SVSP  B*        1. *07.0324*        *8*
2. _____    2. _____    *HCA  2nd*

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    *device issues    devices/meds not recei*

| NAME *BALZARINI* | NUMBER *B-78150* | ASSIGNMENT *BYW* | UNIT/ROOM NUMBER *B2-231* |

A. Describe Problem: *on High risk medical Care. havent received orthopedic devices repeatly ordered for last 1½ years. my medications that were ordered, never received; so I told Doctor why order it and I dont receve it, might as well not order it, or give me treatment. might as well take me off treatment, because I am not receiving anything. keep seeing nurse about my meds. + my shoes & glasses it gets fixed, or never receive anything.*

If you need more space, attach one additional sheet.

B. Action Requested: *why Jam I not getting my meds, or anything else ordered as stated in above.*

RECD JUL 8 2007

Inmate/Parolee Signature: *Balzarini*        Date Submitted: *23 July 07*

C. INFORMAL LEVEL (Date Received: _____

Staff Response: _____

**BYPASS**

RECEIVED JAN 22 2008

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed        CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim        *06-3261  I/m refused ADA items    litera...
is this duplicate?*

DELIVERED OCT 1 0 2007

SVSP-B-07-03243 (BALZARINI)

First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 7-29-07    Due Date: 9-5-07

Interviewed by: RN H. Thornton on 09/05/07.    Partially Granted.    Your unit health record has been reviewed.  Regarding your eye glasses, it is documented that on 04/26/07 you refused to keep an optometry appointment.  You will need to discuss this matter with your Primary Care Provider (PCP) in order for it to be rescheduled.  Regarding your orthopedic issues, your PCP submitted 3 referral requests on 07/31/07, one for your wrist problem to be evaluated by an orthopedist, one for an EMG study of your lower extremities to be performed (regarding your low back pain), and one for an orthotics consultation follow up regarding your orthopedic boots/supports and new back brace.  Your appointment is scheduled for early November.  However, it is noteworthy that medical supply staff has provided you with a pressure mattress and stated that in January 2007 you refused a prescribed back brace and prescribed wrist supports.  However, you have since received an industrial back brace and claimed you were happy with that.  Regarding your medication issue, pharmacy staff stated that you have three medications that are currently prescribed, Tramadol, Omeprazole, and Hydroxyzine.  Yard medical staff stated that you are currently receiving all of these medications.  Any perceived discrepancies to this list should be brought to the attention of medical staff.

Staff Signature: _____    Title: SSA    DELIVERED SEP 19 2007    Date Completed: 9/6/07
Division Head Approved: _____    Title: SPV II    Returned
Signature: _____    Date to Inmate: 9-6-07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.    REC'D OCT 11 2007

1.    The decision violates Title.15 § 3034.6, because it took 57-days to receive a reply.    Which is way past the time limits set out.

2.    The decision was based on incorrect or incomplete information;

(See Attach page- F. - Continued).    REC'D SEP 24 2007

Signature: x Balzarini    Date Submitted: 21 Sept 07

RET'D OCT 04 2007

Second Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other _____    See Attached Letter

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 10-15-07    Due Date: 11-8-07

Signature: r Bryne Don (A)    Date Completed: 4/9/07
Warden/Superintendent Signature: _____    Date Returned to Inmate:    RET'D DEC 03 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

(See attach page H) I am High risk care; and retaliation against me for filing grievances. Now medical dept thereby refusing all care & treatment. Everyone else who was see by Doctor, at same time as me; all received their orthopedic devices months ago... Nurse said, "your name was taken off everything, your not on any medical list!"

Signature: x Balzarini    Date Submitted: 8 Dec 07

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____    APR 25 2008
☐ See Attached Letter    Date: _____
CDC 602 (12/87)    1ST LVL ☐    2ND LVL ☑

F. Continued):

As of March 2006, the Doctor ordered (2) Two braces for corporeal tunnel syndrome, and a heavy back support brace.    He showed me the ones he was ordering out of the catalog. (Color's were- Black or Blue).

The warehouse supplier staff, tryed to give me elastic arm an back brace, and both of these were not what was ordered by the doctor. The warehouse supplier staff, said he couldn't give me the one's that the doctor ordered unless he knew what catalog or what they look like. I told him, don't have access to the catalog, and to take it up with the doctor who ¤ ordered it.

When seeing the doctor at a latter date, he said it was a good thing you didn't take what they tryed to give you, because it was not what he ordered for me, and besides they wouldn't have done you any good to use the wrong one's.

So Iam not going to take what was not ordered, just to take something thats not going to work right.

Never signed a refusal for Optimetry, someone's mistaken, and Iam being ret retaliated for filing a complant, and writing the Receiver Mr. Robert Sillen.

The 3 - Orthopedic referrals were a repeat of the same request, and on everytime I see the Doctor on this problem. Thats why the Doctor and Nurse have made repeated request for thes items in over the last year and half !

This is because of No follow up program, to make sure you receive what the Doctor Ordered. This can be resolved by setting up a access to computer's by the Doctor's and Nurses, more like the V.A. program that in effect now and works.

So how long or many Months does it take to receive what the Doctor, Ordered:  Iam still waiting!

2¼ Sept 07

Balzariny

(CONTINUED - H ):

1.  Staff does not have the authority to grant what Ive requested.
    Staff, do not have any followup like the V.A., does, to ensure
    that what the Doctor ordered; was taken care of or done !

2.  As to my Eye Glasses, so cheep, they fell off my face, and broke
    like glass, so cheep, Rev.Moon; was a witness, He said, he never
    would have believed the glasses were so cheep to just brake, must
    be cheep subpar-plastic.

3.  As to the appointments, never received a ducat.
    Nor have I refused, or signed a refusal form to be seen.
    Must have been lost in the paper work, during the lockdowns, and never
    called !

4.  Now, as to My Ortho Items:   See the attach 'Chrono's; as to the
    dates when originally ordered.
    Dr.Lee, talke's about 2007, and nothing about 2006, when these items
    were originally ordered.
    They have been ordered so many times, it's a joke !
    If these items were ordered on the Street's, I'd have had them between
    30 - 40 days, and as it is now, Ive been close to (2) Two years
    waiting, and waiting, and waiting !!!

5.  Ive serious pain in my back and leg, mostly in my right hand and
    wrist, I keep waiking up at night, feels like needles being hit in
    my wrist, like it's being tap, back and forth on the needles.
    I don't know what to do, it hurts so bad, and keeps waiking me up
    at night.
    When I wake up, I run my wrist under hot water for a while, don't
    know what else to do, but it hurts like heck!

6.  As to Tramadol; not receiving these items anymore, all meds were
    changed, now getting Tylenol#3; it dosent work at all, Ive made
    request about this, and received nothing, only told that the head
    office in Sacramento, C.D.C.R.; does authorize Tramadol anymore !
    If I was on the street's Id' get morphine or a shot in my wrist for
    this serious pain, Ive ask for and received nothing !
        The EMG studies on my leg and arms, have showed serious problems.
    was ask if I had any trouble walking or using my hand ?
        You tell me what can be offered for this PAIN ?
    Or is this just another issue, thats mist again ?

A.

H :

( Continued From page A ):

7.        As to the claimed reviews;
         My response to this:  Dr.Lee; is a Fraud and relied on respondents
         claims and records.
         Dr.Lee, claims my file was reviewed; ( Was this by Flipper): and
         he never even talk to me to resolve these problems, thereby making
         False assumptions by his justifiable reliance on his unfounded claims
         by others.
         I believe theres been prejudice repercussions for my filing
602/     grievances,  and from the unlawful punishment, by the states actions
         and it's Custodian, who's liable for failing to intervene, and being
         deliberatly indifferent to my Medical care and followup treatment.
A.       This followup problem: In which it could be resolved by putting
         all the prisoners Medical files on Computer, and letting the Doctor's
         use their Computer's to speed up their work and be efficent in
         dealing with a large amount of people.
         This could be used to make sure that all receive followup and to make
         sure what the Doctor Ordered; was processed to who he ordered it for !
         Anything else would not work, because of the large number of people
         being dealt with on a daily basis.

         The Medical department and C.D.C.R., are not in compliance with
         H & S Code; of 'Protocals and guidelines to provide appropriate
         Treatment.

8.        Dr.Charles D.Lee; M.D.; & Health Care Manager;  He has committed
         with a deliberate wrongful intent, and motivated by filing these
         false reports, or lying and this is more than just lying on a piece
         of paper or records, it's covering up the lack of Medical followup
         care and providing appropriate treatment..
         The evidence in the records supports my conclusions and claims.

9.   With this request; it's my hope to resolve my Medical problems, and
     to have a Compter File records for ~~prisoners~~ prisoners, and to have
     a followup system in place.
     You might check out the V.S,system who deals with this same problem,
     and found that Computer medical files and tracking system to ensure
     what the Doctor ordered is carried out !

Date; 8 Dec2007

Doc Balzarini

STATE OF CALIFORNIA

## COMPREHENSIVE ACCOMMODATION CHRONO

DEPARTMENT OF CORRECTIONS

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | |
|---|---|---|
| None | (Bottom Bunk) | (P) T ____ |
| Barrier Free/Wheelchair Access | P / T ____ | Single Cell (See 128-C date: ____ ) P / T ____ |
| Ground Floor Cell | P / T ____ | Permanent OHU / CTC (circle one) P / T ____ |
| Continuous Powered Generator | P / T ____ | Other ____ P / T ____ |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | |
|---|---|---|
| None | Wheelchair: (type) ____ | P / T ____ |
| Limb Prosthesis P / T ____ | Contact Lens(es) & Supplies | P / T ____ |
| (Brace) Back CA8-021 (P) T → Dr Brwma | Hearing Aid | P / T ____ |
| Crutches Waist support CA615-2312 | Special Garment: | |
| Cane: (type) ____ P / T ____ | (specify) ____ | P / T ____ |
| Walker P / T ____ | Rx. Glasses: ____ | P / T ____ |
| Dressing/Catheter/Colostomy Supplies P / T ____ | Cotton Bedding | P / T ____ |
| Shoe: (specify) ____ P / T ____ | Extra Mattress Pressure | (P) T ____ |
| Dialysis Peritoneal P / T ____ | Other ____ | P / T ____ |

### C. OTHER

| | | |
|---|---|---|
| None | Therapeutic Diet: (specify) | P / T ____ |
| Attendant to assist with meal access P / T ____ and other movement inside the institution. | Communication Assistance | P / T ____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | Transport Vehicle with Lift | P / T ____ |
| | Short Beard | P / T ____ |
| Wheelchair Accessible Table P / T ____ | Other ____ | P / T ____ |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments? ☒ Yes  ☐ No

If yes, specify: ____

| INSTITUTION SUSP | COMPLETED BY (PRINT NAME) D TYLER FNP | TITLE |
|---|---|---|
| SIGNATURE D Tyler FNP | DATE 2/22/06 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 2/27/06 | Balzarini B 78150 B2 231 ↓ |
| (CIRCLE ONE) (APPROVED) / DENIED | | |

**COMPREHENSIVE ACCOMMODATION CHRONO**

CDC 7410 (03/04)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS**: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | | P / T |
| Barrier Free/Wheelchair Access | P / T | Single Cell (See 128-C date: _____ ) | | P / T |
| Ground Floor Cell | P / T | Permanent OHU / CTC (circle one) | | P / T |
| Continuous Powered Generator | | Other | | P / T |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | AMERICAN ORTHO CO | Wheelchair: (type) | P / T |
| Limb Prosthesis | (LIMIT OUT?) | Contact Lens(es) & Supplies | P / T |
| (Brace) LUMBAR SUPPORT CA 818-021 | P/T Molina | Hearing Aid | P / T |
| Crutches (2) WRIST SUPPORTS (2) | | Special Garment: | |
| Cane: (type) CA G15-232 | P / T | (specify) | P / T |
| Walker | P / T | Rx. Glasses: | |
| Dressing/Catheter/Colostomy Supplies | P / T | Cotton Bedding | P / T |
| Shoe: (specify) | P / T | Extra Mattress | P / T |
| Dialysis Peritoneal | P / T | Other | P / T |

### C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P / T |
| Attendant to assist with meal access and other movement inside the institution. | P / T | Communication Assistance | P / T |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T |
| | | Short Beard | P / T |
| Wheelchair Accessible Table | P / T | Other | P / T |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☐ Yes   ☐ No

If yes, specify: _____

| | | |
|---|---|---|
| INSTITUTION SUSP | COMPLETED BY (PRINT NAME) MILANS | TITLE MD |
| SIGNATURE | DATE 6/6/06 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 7/31/06 | BALZAKINI B78150 B2-231 |
| (CIRCLE ONE) APPROVED / DENIED | | |

**COMPREHENSIVE ACCOMMODATION CHRONO**

Distribution:

TE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

# COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS**: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

## A. HOUSING

| | | | |
|---|---|---|---|
| one | | Bottom Bunk | P / T _____ |
| arrier Free/Wheelchair Access | P / T _____ | Single Cell (See 128-C date: _____ ) | P / T _____ |
| Ground Floor Cell | P / T _____ | Permanent OHU / CTC (circle one) | P / T _____ |
| Continuous Powered Generator | P / T _____ | Other _____ | P / T _____ |

## B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P / T _____ |
| Limb Prosthesis | P / T _____ | Contact Lens(es) & Supplies | P / T _____ |
| Brace Ri. wrist | (P) / T _____ | Hearing Aid | P / T _____ |
| Crutches | P / T _____ | Special Garment: | |
| Cane: (type) _____ | P / T _____ | (specify) _____ | P / T _____ |
| Walker | P / T _____ | Rx. Glasses: _____ | P / T _____ |
| Dressing/Catheter/Colostomy Supplies | P / T _____ | Cotton Bedding | P / T _____ |
| Shoe: (specify) _____ | P / T _____ | Extra Mattress | P / T _____ |
| Dialysis Peritoneal | P / T _____ | Other _____ | P / T _____ |

## C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) _____ | P / T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P / T _____ | | |
| | | Communication Assistance | P / T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P / T _____ |
| | | Short Beard | P / T _____ |
| Wheelchair Accessible Table | P / T _____ | Other _____ | P / T _____ |

## D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☐ Yes   ☐ No

If yes, specify: _____

| INSTITUTION | COMPLETED BY (PRINT NAME) | | TITLE |
|---|---|---|---|
| SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH | |
| HCM/CMO SIGNATURE | DATE 10/4/07 | | |
| (CIRCLE ONE)   APPROVED / DENIED | | B57231 | |

COMPREHENSIVE ACCOMMODATION
CHRONO

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND    ..TATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

## *INMATE APPEALS BRANCH*

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



January 10, 2008


BALZARINI, ST MICHAEL, B78150
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020



RE: IAB# 0716160    SVSP-07-03243    MEDICAL

Mr. BALZARINI:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Only the original appeal form is accepted at the Director's Level of Review.  If you do not have the original appeal, see your Appeals Coordinator for a replacement "Treat as Original" copy.



*U.   Sran*

N. GRANNIS, Chief
Inmate Appeals Branch




****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

# INMATE APPEAL ROUTE SLIP

**To: CTC**/*Hast Nurse Person*                          Date: October 15, 2007

From:  INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-B-07-03243**  By Inmate <u>BALZARINI</u>, <u>B78150</u>

Please assign this appeal to appropriate staff for **SECOND** level response.

Appeal Issue:  MEDICAL

Due Date:  **11/08/2007**

Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level.
Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or
WITHDRAWN. When complete, return to Appeals Office. Appeals that are
incomplete will be returned to the responding staff for appropriate completion.
Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison



State of California                        Department of Corrections and Rehabilitation

# Memorandum

Date: November 9, 2007

To:    Inmate Balzarini, B78150
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-B-07-03243

**ISSUE**:

The appellant claims that he has had orthopedic devices ordered for a year and
a half but has not received them, and that his medications were ordered but
never received. He also claims that he has spoken with the nurses about his
medications, his shoes and his glasses and never receives anything.

Appellant requests on appeal that he receive his medications, his glasses, his
shoes, and orthopedic devices.

**INTERVIEWED BY**: RN H. Thornton on September 5, 2007.

**REGULATIONS**: The rules governing this issue are:

    **California Code of Regulations, Title 15 Section:**
    3350   Provision of Medical Care and Definition
    3350.1 Medical Treatment/Service Exclusions
    3354.1 Health Care Responsibilities and Limitations

**SUMMARY OF INVESTIGATION**:

The First Level of Review (FLR) was completed on September 6, 2007. Ms. K.
Wall, Director of Nursing, was assigned to investigate this appeal at the Second
Level of Review (SLR). All submitted documentation and supporting arguments
have been considered.   Additionally, a thorough examination has been
conducted regarding the claim presented, and evaluated in accordance with
Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California
Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

In the response at the FLR the appellant was told that his request was partially
granted. The appellant's unit health record had been reviewed. Regarding his
eye glasses, it was documented that on April 26, 2007 he refused to keep an
optometry appointment and that he would now need to discuss the matter with
his Primary Care Provider (PCP) in order for it to be rescheduled. Regarding his
orthopedic issues, the appellant's PCP submitted three referral requests on July
31, 2007, one for the appellant's wrist problem to be evaluated by an
orthopedist, one for an EMG study of his lower extremities to be performed

**Inmate Balzarini, B78150**
**Case No. SVSP-B-07-03243**
**Page 2**

(regarding his low back pain), and one for an orthotics consultation follow-up regarding his orthopedic boots/supports and new back brace. That appointment was scheduled for early November. However, it is noteworthy that medical supply staff has provided the appellant with a pressure mattress and stated that in January 2007 he refused a prescribed back brace and prescribed wrist supports. However, the appellant has since received an industrial back brace and claimed to be happy with that. Regarding his medication issue, pharmacy staff stated that he had three medications that were currently prescribed, Tramadol, Omeprazole, and Hydroxyzine. Yard medical staff stated that he was receiving all of the medications. The appellant was told that any perceived discrepancies to the list should be brought to the attention of medical staff.

The appellant elevated to the SLR on September 21, 2007 and expressed his dissatisfaction stating that the decision violated Title 15 in that it took 57 days to receive a reply, which he claimed to be way past the time limits set out. He also claims that the decision was incorrect. Appellant states that he has not been provided with the braces ordered by his provider, that he has never signed a refusal for optometry and claims that he still has not been seen for his orthopedic referrals.

A review of the appellant's unit health record has been conducted, Medical Supply staff members have been consulted and information contained in the Inmate Medical Scheduling and Tracking System has been considered. It is documented that on January 19, 2007 an attempt was made to deliver Comprehensive Accommodation Chrono items to the appellant, but he refused the items and would not sign a refusal form. On April 11, 2007 the appellant was delivered an industrial style back brace which he signed for and when offered the wrist braces he again refused them. The appellant received his boots on September 22, 2006; however, he is in need of new boots and is scheduled for the next prosthetics clinic for a re-evaluation. Regarding the appellant's eyeglasses, a referral request was submitted on November 6, 2007 due to a complaint of blurry vision. He will be evaluated by the optometrist within the Plata guidelines.

**DECISION**: The appeal is **Partially Granted** as discussed above.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

CHARLES D. LEE, M.D.
Health Care Manager
Salinas Valley State Prison



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: MAY 0 1 2007

In re:   Balzarini, B-78150
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0609645      Local Log No.: SVSP 06-03261

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hall, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position he was evaluated on September 6, 2006, by Dr. Millner in the high risk clinic, who prescribed Nuelastra and laboratory studies. The appellant claims only the blood test was completed. The appellant alleges it is becoming a common occurrence for a physician to prescribe something and the order not to be processed due to staff shortages. The appellant is requesting when he is examined by a physician, to receive the prescribed treatments before his problem worsens. In addition, the appellant wants a follow-up program in place to make sure inmates are getting what is prescribed, and to receive medication renewals before they run out.

**II  SECOND LEVEL'S DECISION:** It is the institution's position the appellant was prescribed Nuelastra on November 29, 2006. The appellant received the injection on October 5, November 7 and November 9, 2006. Hematology studies were obtained on October 5, November 2, December 6, December 15, 2006; and, January 9, 2007. A review of the appellant's laboratory studies does not support the necessity for further Nuelastra treatment. The appellant is being followed in the high risk clinic by Dr. Millner. Although there was a delay in the Nuelastra injection, the appellant was advised there was no adverse affect on his condition; and, he is receiving quality health care. The appellant was advised his new issues of a hand and eye infection would not be addressed in the Second Level of Review; however, his Unit Health Record indicated he has been treated for these complaints and they are healing well. The appellant was lastly informed that procedures are in place to process physician's orders; however, errors do occasionally occur due to the job demand and staff shortages. Positive staffing changes have occured from October through December 2006 that has corrected many of the past problems. The appellant was informed an attempt was made to deliver two wrist braces and a lumbar support on January 19, 2007; however, the appellant refused the delivery and refused to sign a CDC Form 7225, Refusal of Examination and/or Treatment as they were not the appliances prescribed. After confirming the physician's order, it was determined these appliance were what the health care provider prescribed. The appellant was directed to discuss his differences and any discrepancies with his primary care physician (PCP).

**III  DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.  FINDINGS:** It is the appellant's contention he is not receiving the prescribed interventions in a timely manner and claims this problem is worsening due to staff shortages. The appellant was prescribed Nuelastra on September 29, 2006; however, he did not receive the injection until one week later. Health care staff acknowledged the delay and informed the appellant there was a staff shortage and more demanding responsibilities. Although the injection was delayed, there were no adverse affects caused to the appellant. After numerous hematology studies, the appellant's high risk physician determined Nuelastra was no longer indicated. The appellant's two wrist braces and lumbar support were attempted to be delivered on January 19, 2007; however, the appellant refused to accept delivery as he claimed they were not the correct appliances. After reviewing the prescription, the appellant was informed the appliances were what the provider had prescribed and was advised of the procedure for addressing his concerns with his PCP. After review, the appellant has received the appropriate health care intervention. As a result, intervention at the Director's Level of Review is not necessary.

BALZARINI, B-78150
CASE NO. 0609645
PAGE 2

**B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3350.1, 3351, 3354, 3358

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, SVSP
        Health Care Manager, SVSP
        Appeals Coordinator, SVSP
        Medical Appeals Analyst, SVSP

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region                    Log No.                    Category
1.                                          1.                              CAT 15#
2.                                          2.

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115's, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| BALZARINI | B-78150 | modified program    shortage of staff/limits prog | B2-231 |

A. Describe Problem: Do to shortage of Staff, and this problem will continue.
As long as the Yard is not lockdown; thet it is requested that be
allowed to receive packages, Canteen, Showers, and Religious Services.
Theres been No problem in the past. as theirs no reason why this can't
continue.    Theres No reason to Justify Not doing so !

If you need more space, attach one additional sheet.

B. Action Requested: When there's a shortage of Staff, it's ask that be given:
a. Shower's, b.Package's, c.Canteen. D.Religious Services or activities.

Inmate/Parolee Signature: _Balzarini_            Date Submitted: 3 April 07

DELIVERED APR 25 2007    RECEIVED APR 17 2007

C. INFORMAL LEVEL (Date Received: _____ )    RECEIVED APR 24 2007

Staff Response:

# BYPASS

Staff Signature: _____            Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 129, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

# BYPASS

Signature: _____                    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                CDC Appeal Number:

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 4-30-07    Due Date: 6-8-07

Interviewed by: _____

SEE ATTACH MEMO

Staff Signature: _Thomas M_    Title: SGT    Date Completed: 5/4/07

Division Head Approved: _____    Returned

Signature: _____    Title: AW(A)    Date to Inmate: 5/4/07

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DELIVERED MAY 24 2007

_The decision was based on incorrect or incomplete information. (See attach page (F))_

RECEIVED JUN 01 2007

Signature: _Balzarini_    Date Submitted: 27 May 07

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6-4-07    Due Date: 6-29-07

☐ See Attached Letter

DELIVERED AUG 07 2007

Signature: _____    Date Completed: 06/20/07

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DELIVERED AUG 08 2007

_See attach page "H", addressing this issue_

Signature: _Balzarini_    Date Submitted: 15 aug 07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

☐ See Attached Letter    NOV 1 4 2007

Date: _____

CDC 602 (12/87)

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:  January 31, 2007

To:    Inmate Balzarini, B78150
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-B-06-3261

### ISSUE:
The appellant states that on September 6, 2006, Dr. C. Millner - High Risk Clinic prescribed Nuelastra and ordered a blood test. The appellant states that only the blood test done. It is the appellant's statement that the doctor orders something and it doesn't get processed. It is the appellant's position that this is due to a staff shortage and the problem is getting worse not better.

The appellant is requesting on appeal that when he sees the doctor again to get his treatment started again which causes his problem to get worse not better. The appellant wants a follow up program in place to make sure that inmates are getting what was ordered by the doctor and if it needs to be renewed before it runs out.

**INTERVIEWED BY**:  G. Lauber, Registered Nurse on December 3, 2006.

**REGULATIONS**:  The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350  Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on December 12, 2006. Dr. R. Bowman, MD, Physician and Surgeon was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

The appellant was advised at the First Level Review that a copy of his chrono for a wrist brace and lumbar support were faxed to the Medical Supply Warehouse. However, at the Second Level Review the appellant states that he talked to staff

Inmate Balzarini
Log No.: SVSP-B-06-03261
Page 2

personally and they did not have paperwork. The Medical Supply Warehouse staff informed the Medical Appeals Office that on January 19th an attempt was made to deliver to the appellant two wrist braces and a lumbar support. The appellant refused delivery and refused to sign a refusal form for the devices, stating to the Warehouse staff that these were not the devices that he expected and he would wait for the processing of his current appeal to get what he wanted. The appellant disagrees with the devices ordered however the devices which staff attempted to deliver were what the provider ordered. As such, the appellant is advised to follow the established procedure to access medical care and discuss his differences with the provider.

A thorough review was conducted of the issues regarding the appellant's blood testing and delayed injection. Review of the unit health record documentation reveals the order dates.

The appellant was prescribed Nuelastra on September 29, 2006. He received this injection on October 5, 2006. The appellant was ordered blood test for which he was tested on October 5, 2006. The appellant was prescribed and received Nuelastra on November 7, 2006 and November 9, 2006. Hematology was ordered and done on October 5, November 2, December 6, December 15, 2006, and January 9, 2007. A review of the appellant's blood test results of the last hematology report do not support any further treatment with Nuelastra at this time. The appellant is being followed in the High Risk Clinic by Dr. Millner. Although there was a delay in the injection, the appellant is receiving a high quality of treatment, the delay did not impact the appellant's condition, and he continues to be followed in the High Risk clinic. There are treatment variables which are left to the discretion of the provider in the ordering of blood test. The appellant cites a new issue at the Second Level of appeal regarding blisters and serious infection on hand and eye. Documentation of the unit health record indicates that the appellant has received treatment for these complaints and is healing well. The appellant is lastly informed that procedures are in place to process doctor's orders at times human error will occur do to the job demand from staff shortages. Positive staffing changes have taken place from October through December, which have corrected many of the past problems.

**DECISION**: The appeal is **Partially Granted.**

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

_(signature)_ HCM(A)
CHARLES DUDLEY LEE, MD
Health Care Manager
Salinas Valley State Prison

#. (CONTINUED):

Can't read the parties Name as to who this HOM(A) for Dr.Lee, is ?

First of all, he's a lier and a Jurk, for making false claims, because anyone who took the time to review my Medical file would see that my claims are wright,  and that his was not the truthful reply to the claims.

a.    The "Neulasta"; shot was ordered only once, and given only once, in (3) Three intervils, on 20,21, & 22 May 2006.

"Neulasta" was the shot ordered and given on 9 Nov 2006, a week after the Dr. ordered that it be given that day;   the next time this shot of "Neulasta" was ordered, and given on 9 Jan 2007, at CTC, where Dr.C.Millner, had his Nurse, give it to me then,   this is because my t-count goes down BECAUSE OF MY TREATMENT.

b.    As to the items ordered back in March of 2006, (2) Two wrist braces for carpal syndrom,  and Back brace with W/Sench & Sholder straps.
I explained to the warehouse Staff who tryed to give me a Foam braces, that this was not what the Dr, ordered, and Iam not goin to except the wrong items, especally when they would do nothing.
These items were oringinaly ordered in March of 2006, and have been re-ordered and re-ordered again, & again, and Ive not receive the items, or any other followup, as to my back and wrist, my paper work keeps getting lost, then Staff, claim it wont happen again, then once I leave, I never here anything, unless I see the Doctor, and bring it up again,because Ive not had any followup; RECEIVED NOTHING ON FOLLOWUP, AS TO dATE,
The only way is that I have to keep reminding them, and asking the Doctor, then nothing dosen't get done,, need to have a followup system to make sure that what is ordered by the Doctor, is given, needs to be like the V.A.-Hospital, as to Computers of all records and care, is most cost effective, and easer to deal with large numbers of inmates.

5 Feb 07

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 9/28/06 | | ① | Ribavirin 200mg ꟷꟷꟷ PO BID X 1 year |
| 0938 | | ② | Interferon 180mg / SQ q week X 1 year |
| | | ③ | Stat CBC |
| | | ④ | F/u ① Month |
| | | ⑤ | Prilosec 20mg ꟷ PO BID X 180 days |
| 9/28/06 | 1250 | ① | Nexium 40mg SQ X 1 |
| | | | J Miller |

ALLERGIES:    INSTITUTION    ROOM/WING

Confidential
client information
See W & I Code, Sections 4514 and 5328

CDC NUMBER, NAME (LAST, FIRST, MI)

Balzareni, M

B 78/50

**PHYSICIAN'S ORDERS**

B2-231

# INMATE APPEAL ROUTE SLIP

## To: CTC / Kates                    Date: October 30, 2006

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-B-06-03261** By Inmate **BALZARINI, B78150**

Please assign this appeal to appropriate staff for **FIRST** level response.

Appeal Issue: MEDICAL

Due Date: **12/12/2006**

Special Needs:


STAFF INSTRUCTIONS: **Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted**. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

# INMATE APPEAL ROUTE SLIP

## To: CTC /Kates

Date: January 2, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-B-06-03261** By Inmate <u>BALZARINI</u>, <u>B78150</u>

Please assign this appeal to appropriate staff for **SECOND** level response.

Appeal Issue: MEDICAL

Due Date: **01/24/2007**

Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  NOV 1 4 2007

In re:   Balzarini, B-78150
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0706201          Local Log No.: SVSP 07-01955

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Jack Batchelor, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that due to staff shortages, Facility "B" continues to be placed on modified program, which prevents him from receiving packages, canteen, showers and religious services. The appellant argues that the shortage of staff is not a compelling reason to restrict program activities. The appellant requests that program activities are continued regardless of whether there is a shortage of staff affecting Facility "B."

**II   SECOND LEVEL'S DECISION:** The reviewer found that when a shortage of staff occurs, normal program activities cannot be continued.  If the regular program were to continue, the safety and security of the institution, inmates and staff could be jeopardized. When a staff shortage precludes the normal operation of a facility, certain activities are modified until normal staff can be assured. Every effort is made to alternate staff between the effected facilities so that the inmate population can obtain showers, packages, canteen and other activities on an alternating basis. The institution concluded that it is management's responsibility to create and maintain as safe an environment for the staff and inmates as humanly possible. Every effort will be taken to maintain a normal program for all inmates at the Salinas Valley State Prison (SVSP); however, there will be times when some program restrictions will occur.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.   FINDINGS:** The implementation of a modified program as a result of staff shortages is required. The safety and security of the institution, staff and inmates is the primary responsibility of the institution's management personnel. The institution has implemented a rotating staff assignment during periods when, as the result of staff shortages, requires the implementation of a modified program on a particular facility. The rotating of staff from one facility to another during a modified program ensures that no one facility is restricted from various program activities more than another facility.

The appellant is reminded that while these program restrictions are temporary, they are not implemented specifically to hinder the appellant's well being. As soon as the safety and security of the institution can be assured, the administration will suspend the modified program and reinstitute normal program activities.

**B.   BASIS FOR THE DECISION:**
California Penal Code Section: 5054, 5058
California Code of Regulations, Title 15, Section: 3001, 3270, 3300, 3301, 3303, 3383

**C.   ORDER:** No changes or modifications are required by the institution.

BALZARINI, B-78150
CASE NO. 0706201
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

alifornia Department of Corrections and Rehabilitation                                    Salinas Valley State Prison

# A P P E A L  -  F I R S T   L E V E L   R E V I E W

**DATE:**    May 4, 2007

**NAME:**    Balzarini CDC# B-78150

**APPEAL #:**  APPEAL LOG #SVSP-B-07-01955

**APPEAL ISSUE: PROGRAM**

**APPEAL DECISION:  Partially Granted**

**SUMMARY OF APPEAL:** Appellant states he would like to receiving his packages, canteen, showers and religious service when the normal program activities have been cancelled due to a shortage of staff.

The appellant is requesting approval to receive his canteen, packages, shower and religious service when the program status has been modified.

**SUMMARY OF INVESTIGATION:**   The Appellant was interviewed on May 4, 2007, by Correctional Sergeant M. Thomas. During this interview, the appellant stated he wants to receive his canteen, packages, shower and religious service even when the institution cannot cover all vacant staff positions due to a shortage of staff. I informed the appellant when the staffing package does not jeopardize the safety and security of the institution; supervisor will make every reasonable effort to run canteen, packages and Religious Service.

I informed the appellant that the 72 hours timeline to start a shower program according to the modified program procedures in the housing unit starts on the first day the Facility/Unit is placed on modified program. Therefore the shower plan would only go into effect after 72 hours has elapse.

**APPEAL RESPONSE:** Partially Granted. A thorough review of the appeal has been completed. The Appellant stated that he now understands the procedure concerning program changes during a modified program due to staff shortages.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


M. Thomas
Facility B Program Sergeant
Salinas Valley State Prison


E. B. Jones
Facility B Captain
Salinas Valley State Prison

B - 2 - 231

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:   June 20, 2007

To:     Inmate Balzarini, B-78150
        Salinas Valley State Prison


Subject: SECOND LEVEL APPEAL RESPONSE   LOG NUMBER-SVSP-B-07-01955

## ISSUE:

The appellant states that due to staff shortages, Facility B continues to be placed on modified program and this keeps him from receiving packages, canteen, showers, and religious services.

The appellant is requesting that he receive his package, canteen, showers, and religious programming despite any staff shortages.

## REGULATIONS:

PC 5054 Control of penal Institutions and Inmates
DOM 55015 Unlock Protocol Guidelines CONFIDENTIAL
CCR 3303 Safety and Security

## SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on May 4, 2007. M. Thomas, Correctional Sergeant interviewed the appellant at the FLR.  L.A. Negron Jr., Correctional Lieutenant was assigned to investigate this appeal at the Second Level of Review and interviewed the appellant on June 19, 2007. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

In accordance with the California Penal Code §5054 Control of penal institutions and inmates; the supervision, management and control of the state prisons is vested with the Director.   Through the Policies and Regulation Branch, the Director for the California Department of Corrections and Rehabilitation has established the unlock protocol process as a meaningful and necessary means of assessing incidents.  Those departmental regulations are outlined in Confidential Department Operations Manual (DOM) §55015 Unlock Protocol Guidelines.

DOM §55015 is confidential, therefore I cannot discuss with the appellant the specifics of the regulation.  But the intent of the protocols is to ensure the safety and security of the institution.

F DELIVERED AUG 0 8 2007

BALZARINI, B-78150
Case No. SVSP-B-07-01955
Page 2 of 3

Procedures such as the interview process and incremental releases as well as other tools are policies put in place to assist the managers in maintaining, to the best of our ability, all of our safety.

The various measures taken on Facility B have been necessary due to the the severe staff shortages at Salinas Valley State Prison. Administration has implemented an "Institution Rotational Schedule" in attempt to provide as much program to the inmate population maintaining a safe environment for both staff and inmates. Staff shortages are not only affecting Facility B, but the entire institution. The Institution Rotational Schedule (IRS) is designed to operate on a seven day, alternating schedule whereas each complex is required to modify their program on the designated facility in order to redirect staff to their "sister facility". This will allow one facility to run their program with staff familiar with the operation.

In the event there are insufficient staff or supervisors to safely operate a program, that complex will shutdown the program on one or both facilities during that shift. At the beginning of the shift each area will re-evaluate their staffing requirements to determine if they should remain on a "Modified Program" or return to the previous program they were at prior to modification of their program. Medical and other priority ducats will continue to be honored during the modification or closures of the program.

The medical shower chronos/list dictates which inmates must be afforded a shower everyday. The appellant is afforded the opportunity to shower, according to the seventy two (72) hour timeline from the commencement of the modification of program. Showers are being conducted within the modified program guidelines when staff shortages are affecting program.

In regard to religious programming; it is the policy of Salinas Valley State Prison to encourage those inmates who desire to participate in organized religious programs access to religious program services and counseling. Further, it is the policy of SVSP to impartially review all religious practices and impose only those restrictions reasonably related to legitimate penological interests. Penological interests include, but are not limited to; the safety of inmates, the safety of the public, safety of staff, institution security, and contraband control. Access to religious programming is only curtailed when absolutely necessary to ensure the safety of staff and inmates. During periods of program modification, inmates are encouraged to worship within their cells. In addition, Chaplains are available for one-on-one visits upon request.

In conclusion, it is management's responsibility to create and maintain as safe an environment for the staff and inmates as humanly possible. My managers and I take this responsibility very seriously. Safety is our number one priority above all else.

**DECISION**: The appeal is DENIED.

**BALZARINI, B-78150**
**Case No. SVSP-B-07-01955**
**Page 3 of 3**


The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.


G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

(CONTINUED)

F.   Need to be more Specific on these issues presented.
     The 72-Hours, would be 1 - X a week,  theirs no way to
     substantiate these claims.
     Title.15;  for Ad-Seg,  inmates, get Showers 3 X a week,
     So, why should we get less ?
        What's the Min  limit of Staff, to run Modified or limited
     access to:
     1)   Showers;
     2)   Canteen;
     3)   Packages;
     4)   Religious Services or Activities.
        What's considered as shortage of Staff to Jeopardize the
     Safety & Security ℗  of Institution or Facility ?

H. (COntinued):

There's No compelling government interest, and not using the least restrictive means for my Religious Services.
Thereby placing substantial burden upon my practice of my religious faith, by preventing me from engaging in conduct thats mandated by my faith and beliefs!
This is done without any Justification relating to legitimate penological interests.
Other inmates of other faiths are called out, and walking to chow, Canteen, packages are past out, at 5 - at-time..
The other groups call out inmates of their faiths or Canteen or Packages from a list with these inmates names to pertispate.
This is from a list of regular attenders, submitted to Sgt, or by calling out inmates by bldg and asking for these inmates by name off this list.
To be afforded the same as others as to inmates simalar situated.
This is not a lockdown, but we are not allowed to attend services, because of the shortage of Custodt Staff, and the Chaplain Moon said he can't call inmates out like the other's unless someone else tells him to.

Doc Balzarini

State of California          **INMATE / PAROLEE APPEAL SCREENING FORM**          Department of Corrections and Rehabilitation
                                                                                                                CDCR-695

INMATE: _Bolzarini_____ CDC #: _B 78150____ CDC HOUSING: _B2-23/_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR

RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>**
**Comments:  You may write on back of this form to clarify or respond to the above.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Eloy Medina, CC-II**                                   **Date:** _4/17/07_
**Appeals Coordinator**

·This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.



K



## INMATE APPEAL ROUTE SLIP

To: CA1                                     Date: April 5, 2006

From: INMATE APPEALS OFFICE

Re: Appeal Log Number  SVSP-B-06-01076  By Inmate  BALZARINI, B78150

Please assign this appeal to appropriate staff for FIRST level response.          RECEIVED

Appeal Issue: PROGRAM
Due Date: 05/17/2006          APR 1 1 2006          MR 6, 06
Special Needs:                5/10/06

                                                      (ASSOC. WARDEN
                                                      COMPLEX)

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review
requires a personal interview with the inmate unless the appeal is granted.  This policy is
not within the institution's jurisdiction and cannot be waived.  Director's Rule 3084.5(f)
(3) provides that a telephonic interview may be conducted if the inmate is not available in
person.

Begin   response   with   GRANTED,   DENIED,   PARTIALLY   GRANTED   or
WITHDRAWN.  W hen complete, r eturn a ppeal t o the A ppeals O ffice.  A ll first l evel
appeals require signature of the Division Head.  Appeals that are incomplete will be
returned for appropriate completion.          COMPLETED
                                              MAY 1 2 2006
Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

Rec: 8 June 2006
through mail

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region   Log No.   Category

1. _SVSP_   B   1. _C6-01076_   _11_   _1st_

2. _____   2. _____   _CAI_

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.   _Program   Chngs / Mission Change_

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Balzarini | B-78150 | ByWd | B2-231 |

A. Describe Problem: As of Sept 2005, S.V.S.P., B-Facility was changed from Level-IV
mainline to S.N.Y Level-III. Being warehoused, with No programs of any kind,
Therefore this Facility is Non-compliance with Title 9 15 on these regulations.

B-Facility is being run as 180 level - IV yard.   It's C.D.C.R.,Policy that all

Level- III Facilities be run the same as to programs.   TIere's No O.P.,

Thereby causing Staff to interpret there own regulations arbitrarily or

Capricously, in which this is Illegal.   This means that from C/O, Sgt.,and

Lt, who cannot interpret or make regulations, in which is now happening on

If you need more space, attach one additional sheet.

B. Action Requested: To be in Compliance with Title § 15, and to run this Facility as
any Level- III, S.N.Y, Facility programs that are similarly situated.

RECEIVED APR 0 5 2006

Inmate/Parolee Signature: _Balzarini_   Date Submitted: _28 March06_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

RECEIVED MAY 1 6 2006

BYPASS

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level ☒ Granted  ☐ P. Granted  ☐ Denied  ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 4/5/06    Due Date: 5/17/06

Interviewed by: _____

*See Attach Response*

DELIVERED JUN 0 7 2006

Staff Signature: _____  Title: SERGEANT    Date Completed: 5-9-06

Division Head Approved: _____    Returned

Signature: _____    Title: CAPTAIN    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

(SEE ATTACH PAGE "F", ON MY RESPONSE TO THIS ISSUE)

Signature: _____ Balzarini _____    Date Submitted: 11 June 06

Second Level  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____    Date Completed: _____

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☐ Denied  ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

A.

    This Administration must go by the Title §15, and New guidelines as
set out by C.D.C.R., in Sacramento.

    As outlined by the Congress and the U.S.Supreme COurt in;
    Cutter v. Wilkinson (2005) 125 S.Ct.2113,2119;
  This was done by replacing the "Legitimate Penological Interest" standard
articulated in "Turner v. Safley       (1987) 482 U.S.78,89; with the
"Compelling governmental interest" and :least restrictive means" test codified
at 42 U.S.C. § 2000cc-1(a)
  This would also apply to programs and the like as to other activities,
at this Facility, which means it must be run the same as any other Level-III,
programs

State of California                                                                    California Department of Corrections and Rehabilitation

# A P P E A L   -   F I R S T   L E V E L   R E V I E W
## S A L I N A S   V A L L E Y   S T A T E   P R I S O N

**DATE:**    5-09-06

**NAME:**    Balzarini    **CDC #** B-78150

**APPEAL #:**    FIRST LEVEL APPEAL LOG #SVSP-06-01076

**APPEAL DECISION: GRANTED**

**SUMMARY OF APPEAL:**  Appellant states that Facility B was changed from level 4 mainline to S.N.Y. level 3 and there has been no program change.

The appellant is requesting on appeal that Facility B come in compliance with the title 15.

**SUMMARY OF INVESTIGATION:**   The appellant was interviewed on 4-13-06 by Sergeant M. McVay. During this interview, the appellant stated that Facility B is not ran like similar level 3 S.N.Y. institutions.

**APPEAL RESPONSE:** Inmate Balzarini after a review of all the facts, I have GRANTED your appeal. You are requesting that Facility B be ran like similar level 3 S.N.Y. institutions. Facility B is being ran as a level 3, in fact Facility B has a current Operational Procedure. Operational Procedure 11 B, this Operational Procedure is based on information compiled from other similar S.N.Y. level 3 institutions and is followed by Facility B Staff. Facility B is ran like similar level 3 S.N.Y. programs.    Your appeal is **GRANTED.**

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


M. McVay
Facility B Sergeant
Salinas Valley State Prison

A. Tucker
Facility B Captain
Salinas Valley State Prison

F.   CONTINUED:

1.   The response does not address the other pertinent issues,

A. The Warehousing of Inmates;

B. No Programs, as per Title. 15 § 3040, § 3043;

C. This program as set forth in O.P.11B;  is not in compliance
   with similarly situated level- III/ 270 Facilities.

D. On the Staff's interpreting regulations, and this Arbitrarily
   or Capricously done on B - Facility.
   Any illegal rule or regulations, not in Title. 15, or O.P.,
   can not be enforce by Staff, and as follows:

2.   As to O.P.11B; at p.2 & 3; 24 & 25;

A. No in and out line, this should be changed to 10:00; 12:00;
   14:00; & Yard recall at  16:00.

B.   With night from: 13:30; inline. 20:00; & yard recall. 21:00.

 1.  Nor does the O.P.11B; address being able to bring walkman
     or Cd-player w/ headphones/ only, on the yard, as all other
     level-III yards do this.

 C.  As to O.P.11B; at p.26, +p/o-11 on #2; states, all inmates search
     entering building, As only address. ✗

  1. Nothing is said about being search when exiting the building./

  2. On #3 same page, Having to walk on white-line, not in O.P.
     or Title. 15.

 D.  As to O.P.11B; at p.31-32;
     Dose not address diets as per Title. 15 § 3054.

 E.  As to O.P.11B; at p.49;
     Handicraft, as per Title. 15 § 3100 & 3108;  Not in Conformittee
     with other level-III/ 270-Facilities through the state.

 F.   As to O.P. at p.52;

M.S.Evans (A).

     This "(A)"; means; Acting, Temporarily assuming the duties
     or authority of another.

Which decisions are tentative approval and final approval has to
come from C.D.C.R.

* Some of 1180 / level -III, only place done
as to searches & when problems. any

A.

   This Administration must go by the Title §15, and New guidelines as
   set out by C.D.C.R., in Sacramento.

      As outlined by the Congress and the U.S.Supreme COurt in;
   Cutter v. Wilkinson (2005) 125 S.Ct.2113,2119;
   This was done by replacing the "Legitimate Penological Interest" standard
articulated in "Turner v. Safley     (1987) 482 U.S.78,89; with the
"Compelling governmental interest" and :least restrictive means" test codified
at 42 U.S.C. § 2000cc-1(a)
   This would also apply to programs and the like as to other activities,
at this Facility, which means it must be run the same as any other Level-III,
programs

A.

    This Administration must go by the Title §15, and New guidelines as
    set out by C.D.C.R., in Sacramento.

    As outlined by the Congress and the U.S.Supreme COurt in;
    Cutter v. Wilkinson (2005) 125 S.Ct.2113,2119;
    This was done by replacing the "Legitimate Penological Interest" standard
articulated in "Turner v. Safley       "(1987) 482 U.S.78,89; with the
"Compelling governmental interest" and :least restrictive means" test codified
at 42 U.S.C. § 2000cc-1(a)
    This would also apply to programs and the like as to other activities,
at this Facility, which means it must be run the same as any other Level-III,
programs

State of California                                                    California Department of Corrections and Rehabilitation

# APPEAL - FIRST LEVEL REVIEW
## SALINAS VALLEY STATE PRISON

**DATE:**    5-09-06

**NAME:**    Balzarini   **CDC #** B-78150

**APPEAL #:    FIRST LEVEL APPEAL LOG #SVSP-06-01076**

**APPEAL DECISION: GRANTED**

**SUMMARY OF APPEAL:**  Appellant states that Facility B was changed from level 4 mainline to S.N.Y. level 3 and there has been no program change.

The appellant is requesting on appeal that Facility B come in compliance with the title 15.

**SUMMARY OF INVESTIGATION:**  The appellant was interviewed on 4-13-06 by Sergeant M. McVay. During this interview, the appellant stated that Facility B is not ran like similar level 3 S.N.Y. institutions.

**APPEAL RESPONSE:**  Inmate Balzarini after a review of all the facts, I have GRANTED your appeal. You are requesting that Facility B be ran like similar level 3 S.N.Y. institutions. Facility B is being ran as a level 3, in fact Facility B has a current Operational Procedure. Operational Procedure 11 B, this Operational Procedure is based on information compiled from other similar S.N.Y. level 3 institutions and is followed by Facility B Staff. Facility B is ran like similar level 3 S.N.Y. programs.    Your appeal is **GRANTED.**

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


M. McVay
Facility B Sergeant
Salinas Valley State Prison

A. Tucker
Facility B Captain
Salinas Valley State Prison

F. CONTINUED:

1. The response does not address the other pertient issues,

A. The Warehousing of Inmates;

B. No Programs, as per Title. 15 § 3040, § 3043;

C. This program as set forth in O.P.11B; is not in compliance with similarly situated level- III/ 270 Facilities.

D. On the Staff's interpreting regulations, and this Arbitrarily or Capricously done on B - Facility.

Any illegal rule or regulations, not in Title. 15, or O.P., can not be enforce by Staff, and as follows:

2. As to O.P.11B; at p.2 & 3; 24 & 25;

A. No in and out line, this should be changed to 10:00; 12:00; 14:00; & Yard recall at 16:00.

B. With night from: 18:30; inline. 20:00; & yard recall. 21:30.

1. Nor does the O.P.11B; address being able to bring walkman or Cd-player w/ headphones/ only, on the yard, as all other level-III yards do this.

C. As to O.P.11B; at p.26, on #2; + p10-11 states, all inmates search entering building, As ~~only~~ address. *

1. ~~nothing is said about being~~ or search when exiting the building./

2. On #3 same page, Having to walk on white-line, not in O.P. or Title. 15.

D. As to O.P.11B; at p.31-32;

Dose not address diets as per Title. 15 § 3054.

E. As to O.P.11B; at p.49;

Handicraft, as per Title. 15 § 3100 & 3108; Not in Conformittee with other level-III/ 270-Facilities through the state.

F. As to O.P. at p.52;

M.S.Evans (A).

This "(A)"; means; Acting, Temporarily assuming the duties or authority of another.

Which decisions are tentative approval and final approval has to come from C.D.C.R.

* Some of any 180/level-IV, only place done as to searches & when problems.

A.

This Administration must go by the Title §15, and New guidelines as
set out by C.D.C.R., in Sacramento.

As outlined by the Congress and the U.S.Supreme COurt in;
Cutter v. Wilkinson (2005) 125 S.Ct.2113,2119;
This was done by replacing the "Legitimate Penological Interest" standard
articulated in "Turner v. Safley      (1987) 482 U.S.78,89; with the
"Compelling governmental interest" and :least restrictive means" test codified
at 42 U.S.C. § 2000cc-1(a)
This would also apply to programs and the like as to other activities,
at this Facility, which means it must be run the same as any other Level-III,
programs

S7 MICHAEL DOE BALZARINI
B-78150 / B2-231
Salinas Valley St. prison
P.O. Box 1050
Soledad, Calif. 93960-1050

STATE PRISON
GENERATED MAIL

CA

CONFIDENTIAL

STATE PRISON
GENERATED MAIL

B-78150/82-231
Salinas Valley St. prison
P. O. Box 1050
Soledad, Calif. 93960-1050

CONFIDENTIAL

STATE PRISON
GENERATED MAIL

STATE PRISON
GENERATED MAIL

C-07-2800-MHP

District Judge Conduct
U.S. District Court
Northern District of Calif.
450 Golden Gate ave
San Francisco, Calif. 94102-34

Confidential

STATE PRISON
GENERATED MAIL

STATE PRISON
GENERATED MAIL

C-07-2800-
MHP

U.S. District Court
Northern District of Calif
450 Golden Gate Ave
San Francisco, Calif 94102-3483