UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL BALZARINI,

    Plaintiff,

v.

ARNOLD SCHWARZENEGGER; et al.,

    Defendants.

No. C 07-2800 MHP (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Michael Balzarini, a prisoner at the Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The court reviewed the complaint and dismissed it with leave to amend. He then filed an amended complaint and later filed a supplemental pleading, which are now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
2 a right secured by the Constitution or laws of the United States was violated and (2) that the
3 violation was committed by a person acting under the color of state law. See West v. Atkins,
4 487 U.S. 42, 48 (1988).

5    When the court dismissed the original complaint with leave to amend, it gave detailed
6 instructions as to the many deficiencies Balzarini needed to cure in his amended complaint.
7 The court instructed Balzarini to, among other things, replace his sweeping generalizations
8 with specifics; plead each claim separately and provide a short and plain statement of each
9 claim; link defendants to each claim; omit claims about violations of other people's rights;
10 and be sure his claims were properly joined. Order Of Dismissal With Leave To Amend, at
11 2-4. In addition to those instructions, the court dismissed without leave to amend claims
12 about improperly processed inmate appeals, as well as claims that he had to mend his own
13 clothes and didn't have any hobby programs. Id. at 4-6. And the court explained that the
14 complaint did not state a claim against any defendant for denial of access to the courts
15 because it did not allege an actual injury. Id. at 5.

16   The amended complaint fails to cure many of those deficiencies identified in the
17 Order Of Dismissal With Leave To Amend. In reviewing the amended complaint, the court
18 bears in mind that a pro se pleading, "however inartfully pleaded, must be held to less
19 stringent standards than formal pleadings drafted by lawyers," Bell Atlantic Corp. v.
20 Twombly, 550 U.S. 544, 570 (2007), and that the court must construe pro se filings liberally,
21 especially where the plaintiff is a pro se prisoner in a civil rights matter. See Hebbe v. Pliler,
22 611 F.3d 1202, 1205 (9th Cir. 2010). However, even liberal construction will not save the
23 amended complaint in this action. The amended complaint was divided into four claims,
24 each of which will be discussed.

25   The first claim in the amended complaint is for "inadequate library access and
26 materials." Amended Complaint, at 4. The jumbled allegations are far from clear but it
27 appears that plaintiff is dissatisfied with the restrictions on the law library hours and the
28 library's collection. In this claim, as well as in several other claims, plaintiff includes

2

allegations about his administrative appeals, but the way he writes the information leaves the reader guessing as to whether many of the sentences about the administrative appeals are supposed to reflect his thoughts or the administrative appeal proceedings. Plaintiff failed to comply with the instructions in the Order of Dismissal With Leave To Amend in that he failed to link defendants to this claim, and failed to provide a short and plain statement of his claim. The complaint fails to state the specific acts of identifiable defendants which violated the plaintiff's rights and therefore fails to satisfy Federal Rule of Civil Procedure 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). The access to the courts claim is dismissed without leave to amend.

The second claim in the amended complaint is for "inadequate medical." Amended Complaint, at 6. The allegations in this claim are rather difficult to understand, but it appears that plaintiff is alleging that Dr. Millner gave various orders that the medical staff did not properly implement. Plaintiff also alleges that his inmate appeals were denied. The complaint fails to identify defendants for this claim: he does not appear to be complaining about Dr. Millner, but about the medical staff's failure to implement Dr. Millner's orders. He does not provide the name of any member of the medical staff. Despite the instructions in the Order of Dismissal With Leave To Amend, plaintiff again presents numerous generalities and almost no specifics. See, e.g., Amended Complaint, at 6 (doctor "has repeatedly made Order's, and there's No one to make sure that I receive the item's Ordered, anothowards, theres No follow up program to insure this"); id. ("Plaintiff further claims that the doctor orders something and it doesnt get processed, and that this is due to a staff shortage and the problem is getting worse not better. Plaintiff states that when he is seen by the doctor again to get his treatment started again which causes his problem to get worse not better. [¶] That there should be a follow up program in place to make sure that inmates are getting what was ordered by the doctor and if it needs to be renewed before it runs out.") (errors in source). This claim is dismissed without leave to amend because plaintiff has failed to present a short and plain statement of his claim and failed to link defendants to the claim.

The third claim is for "inadequate access to church and religious programs."

1 Amended Complaint, at 10.  This claim is dismissed for failure to provide a short and plain
2 statement of his claim.  As with the other claims, the claim is so lacking in detail that it
3 would not be fair to require defendants – even if one could be certain who the intended
4 defendants were – to respond to the claim.   As with the other claims, the allegations
5 regarding the administrative appeals are quite confusing.

6      The fourth claim is for "inadequate equal application of regulations."  Amended
7 Complaint, at 12.  This claim is a largely incomprehensible jumble of ideas about the way he
8 would like his prison yard to be run.  The claim is dismissed because it does not state a claim
9 upon which relief may be granted against any defendant.

10      Even liberally construing the amended complaint, plaintiff has not stated a claim upon
11 which relief could be granted against any particular defendant.  Further leave to amend will
12 not be granted because it would be futile.  The court has already instructed plaintiff how to
13 cure the several deficiencies, and those same deficiencies were repeated in the amended
14 complaint.

15      Plaintiff also filed a proposed "supplemental pleading."  The court may permit a party
16 to serve supplemental pleadings "setting out any transaction, occurrence, or event that
17 happened after the date of the pleading to be supplemented."   Fed. R. Civ. P. 15(d).  The
18 interests of justice do not support granting leave to file the supplemental pleading that covers
19 medical care problems that plaintiff experienced in 2009, retaliation, and personal property
20 deprivations.  First, the court has dismissed the amended complaint without leave to amend
21 so there is no judicial economy to be achieved by permitting the supplemental pleading.
22 Second, it is difficult to determine (because the amended complaint is so confusing), but it
23 does not appear that the supplemental pleading claims are connected to claims attempted to
24 be pled in the amended complaint. See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988)
25 (although the supplemental claims do not have to arise out of the same transaction as the
26 original claims, "some relationship must exist" between them).  Third, the supplemental
27 pleading has some of the same problems in the amended complaint and would require further
28 leave to amend. Most notably, plaintiff fails to identify most of the defendants for his

4

1  proposed supplemental pleading. Rule 15(d) is a rule to promote judicial economy; that
2  purpose would not be promoted here. For these reasons, the court denies leave to file the
3  supplemental pleading. Plaintiff may assert those claims in a new action, but he is cautioned
4  that he must take much greater care in preparing a new complaint to try to make it
5  understandable to the reader.

## CONCLUSION

The amended complaint is dismissed because it fails to state a claim upon which relief may be granted against a defendant and does not provide a short and plain statement of the claims plaintiff wishes to present. The supplemental pleading is dismissed without prejudice to plaintiff filing a new action alleging those claims. The action is dismissed. The clerk shall close the file.

IT IS SO ORDERED.

Dated: November 19, 2010

_____
Marilyn Hall Patel
United States District Judge